KING et al. v. COURTNEY et al.

No. 29892.   Sept. 9, 1941.

Supplemental Opinion on Rehearing and Rehearing Denied March 10, 1942.

*122 P. 2d 1014.*

Haskell Paul, of Pauls Valley, for plaintiffs in error.

S. D. Williams, of Wynnewood, for defendants in error.

RILEY, J. This is an action to quiet title to lots 3 and 4, in block 254, in the city of Wynnewood, Garvin county, Okla. The uncontradicted facts show that one W. O. King purchased the property here in question, and directed the grantor, A. G. Rollow, to make the deed in the name of Jewell B. King, son of W. O. King, with the understanding that Jewell B. King should deed said property to whom his father should later designate. On August 8, 1933, Jewell B. King and his wife, Ellie Patton King, at the request of W. O. King, executed their warranty deed to said property to Clurcie King, wife of W. O. King, "for good and valuable consideration." Thereafter, on March 7, 1934, W. O. King died, and in the probate of his estate the above-described property was not included. On December 31, 1937, Clurcie King died owning said property, and left a will bequeathing same to her daughters, Lena Courtney, nee King, and Edith Ethridge, nee King, the defendants in this action. The will was duly probated, final report filed, notice of hearing given, and the plaintiffs filed objections to the report, which were overruled, but they made no appeal from the final decree of distribution.

Plaintiffs, Jewell B. King and his brother William B. King, brought this action in the district court of Garvin county to have title to the land in question quieted in them as to an undivided two-fifteenths interest each. The cause was tried to the court and judgment was for defendants. Plaintiffs' motion for judgment on the pleadings, their demurrer to the defendants' evidence, and motion for a new trial all being overruled, they appeal by transcript to this court. The only question is whether or not the trial court erred in overruling plaintiffs' motion for judgment on the pleadings.

Plaintiffs claim their interest in said property under the provisions of section 11809, O. S. 1931, 60 Okla. Stat. Ann. § 137, which reads as follows:

"When a transfer of real property is made to one person, and the consideration therefor is paid by another, a trust is presumed to result in favor of the person by or from whom such payment is made."

They urge that since W. O. King held the equitable title to said property, while Jewell B. King held the legal title, the equitable title did not pass to Clurcie King by a warranty deed from Jewell B. King and his wife, but remained in W. O. King as a resulting trust, and the plaintiffs, as heirs of W. O. King, are entitled to the above-described interests.

Although the above-quoted statute states the general rule, it has been expanded by decision to the presumption that such a transaction between husband and wife or father and child does not create a resulting trust in the husband or father, but raises a presumption of a gift, settlement, or advancement. In Barnes v. Morris, 105 Okla. 17, 231 P. 466, the court said:

"A husband has the right to convey land to his wife, or have it conveyed to her as a gift outright, and in the absence of fraud or interests of creditors, the presumption of law is in favor of such conveyance."

In Ferguson v. Booth, 128 Tenn. 259, 160 S. W. 67, Ann. Cas. 1915C, 1079, it is said:

"The general rule that where one buys land in the name of another and pays the consideration therefor, the land

will be held in trust for the person paying the consideration, does not apply where a husband purchases land in the name of his wife, in which case an advance or gift will be presumed from the relationship."

The Tennessee Court quoted from Kimbrough v. Kimbrough, 99 Ga. 134, 25 S. E. 176, the following:

" 'Where a husband with his own money purchased and paid for a home and deliberately and intentionally had the same conveyed to his wife, *with no understanding or agreement that he was in any event to have an interest in the title,* the transaction amounted to a gift from the husband to the wife, and as between them the property became absolutely her separate estate.' "—Barnum v. Le Master, 110 Tenn. 640, 75 S. W. 1045, 69 L. R. A. 353; Jackson v. Jackson, 91 U. S. 122, 23 L. Ed. 258; Harbour v. Harbour, 103 Ark. 273, 146 S. W. 867; Dodge v. Thomas, 266 Ill. 76, 107 N. E. 261.

To overcome such a presumption as set out in the above cases, the burden rests upon the one seeking to establish a resulting trust to prove same by sufficient evidence. Proof must be "clear, satisfactory, and convincing"; "clear, full, cogent, and satisfactory"; and "clear, unequivocal, and decisive." Lindsay v. Britt, 138 Okla. 163, 280 P. 609; Star v. Star, 94 Okla. 225, 221 P. 721; Babcock v. Collison, 73 Okla. 232, 175 P. 762.

From the defendants' answer it appears that on November 11, 1930, Jewell B. King and his wife executed a mortgage on said real estate to one E. R. Haney to secure payment of the sum of $775, together with interest and attorney's fees, all at the request of W. O. King; that none of the above parties paid that mortgage, but that it was paid by Clurcie King, apparently after she became owner of the property, from her own moneys and funds for which she was never reimbursed. This is a further indication that the property was her separate estate and was considered so by the other members of her family.

In the case at bar, the deed was not made directly from the grantor, A. G. Rollow, to the wife of W. O. King, but was transferred through a third party, namely, Jewell B. King. This, however, makes it none the less a transaction for the benefit of the wife and as a gift to her from her husband. All will agree that a trust relationship was created between Jewell B. King and his father. W. O. King could have enforced a conveyance from Jewell B. King to himself or to the designated person at any time. When the conveyance was made by Jewell B. King to Clurcie King, in conformity with the original agreement, the trusteeship terminated and full and complete equitable and legal title vested in Clurcie King giving her a fee-simple estate in said real property. Douglas v. Douglas, 176 Okla. 378, 56 P. 2d 362.

Plaintiff has not brought the evidence to this court for review, but appealed by transcript. Therefore, as shown by the above authorities, we hold that the trial court did not err as a matter of law in overruling plaintiffs' motion for judgment on the pleadings.

Judgment affirmed.

WELCH, C. J., and BAYLESS, HURST, and ARNOLD, JJ., concur.

———

Supplemental Opinion on Rehearing.

RILEY, J. Plaintiffs in error urge that a rule of law should govern the cause at bar so as to require judgment in their favor. The rule of law urged is that of the statute, 16 Okla. Stat. Ann. § 4:

"No deed, mortgage or other conveyance relating to real estate or any interest therein, other than for a lease for a period not to exceed one year, shall be valid until reduced to writing and subscribed by the grantors. . . ."

Plaintiffs in error, under this rule of law, a part of the statute of frauds, urge that W. O. King, Sr., never conveyed the real estate to Clurcie King, wife of W. O. King and mother of Jewell B. King, son of W. O. King, deceased, original purchaser of the property, but who never acquired legal title

but did acquire equitable title as stated in the opinion.

The interest of a trustor may be conveyed by written deed under verbal directions of the trustor, provided, however, that the directions are clear, cogent, and convincing, and evidence thereof is likewise clear, cogent, and convincing, and provided further that the whole transaction, from the time of the original grant to the time that the res of the trust reaches the beneficiary, as originally intended by the trustor, may be adjudged to be one transaction in fact though consisting of constituent elements made up of acts and deeds on the one hand, and parol directions for the acts and deeds on the other, as concerns him who is entitled to give directions regarding the estate conveyed.

While it is true that defendants below averred in their answer that Jewell B. King never had any interest in said premises, other than that of trustee, it is likewise true that both W. O. King and Clurcie King did have an interest in the estate other than that of trustee. Jewell B. King, trustee, received, held, and transferred the legal title to his mother for his father as he was directed. It is true that conveyance of an interest in real estate is not valid unless and until that real estate is conveyed by an instrument in writing and subscribed by the grantor or grantors as the case may be. However, as applied to the facts in the case at bar, each and every grantor did grant by a written instrument wherein it' was stated that a good and valuable consideration had been paid. Nowhere, either under the statute of frauds or elsewhere, is there any requirement that a trustor is required to reduce to writing directions to a trustee to grant, but the rule is that the directions must be established, when· resting in parol, by evidence that is clear, cogent, and convincing. We have examined the record, consisting of a transcript, wherein there is no evidence, which shows that the trustor has departed this life, and that the beneficiary of the trust has since departed this life, and this appears to be, from the nature of the case pleaded, a controversy as between those who, on advice of counsel, are contending for property that is the patrimony of their ancestors, under such rules of law as the several parties deem sufficient and proper to bring to them that to which they suppose themselves rightfully entitled. Bogert on Trusts, vol. 1, p. 531, § 190, and vol. 2, p. 1432, § 466; American Digest, Trusts, Key No. 192. Under these authorities, the rule of law, with reference to trusts in the several states, seems to be at variance and variable in some jurisdictions, but not so in Oklahoma nor in this case, for in this jurisdiction we are aided by a presumption of a gift as heretofore stated.

Petition for rehearing denied.

WELCH, C. J., and BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur.