HANKINS v. HANKINS.

No. 31599.   Dec. 12, 1944.

Rehearing Denied Feb. 13, 1945.

*155 P. 2d 720.*

David Tant, of Oklahoma City, for plaintiff in error.

A. J. Taft and H. C. Taft, both of Oklahoma City, for defendant in error.

DAVISON, J. This action was instituted on January 16, 1942, by Oscar Hankins, as plaintiff, against Wauketta Hankins, to have a resulting trust declared in his favor as to certain property located in Oklahoma City, Okla.

On March 7, 1924, Oscar Hankins and his wife, Mrs. Oscar Hankins, adopted the defendant, Wauketta Hankins, a girl three months of age, as their daughter. The next year following the adoption plaintiff and his wife were divorced

and the defendant thereafter lived with the mother.

Thereafter, on August 28, 1924, Mr. Hankins purchased from F. A. McAllister lots 17 and 18 in block 4, Westover addition to Oklahoma City, Oklahoma county, Okla. The purchase price of the property was $500 cash in hand and the assumption of a $1,250 mortgage against the property. The title to the property was taken in the name of the adopted daughter, Wauketta Hankins, defendant herein.

The plaintiff, Oscar Hankins, then proceeded to pay in full the mortgage indebtedness against the property. The mortgage was fully paid and released on May 4, 1937. In the meantime he had improved and repaired the premises by erecting a three-room house at the rear of the lot, a garage, fenced the premises and caused plumbing to be installed. In all the plaintiff spent $2,882.44 on the property.

The defendant attained her majority on or about December 9, 1941.

On August 14, 1928, plaintiff instituted a proceeding to be appointed guardian of the defendant, who was then a minor. He alleged that the minor daughter owned the property in question. He did not in such guardianship proceeding assert his own ownership of any interest in the property.

At the conclusion of the guardianship proceedings the ownership of the property was declared in defendant and the rental value thereof determined to be $25 per month. On appeal the rental value was reduced to $12 per month.

The purpose of the guardianship was to make a sale of the property possible due to the difficulty plaintiff was encountering to obtain sufficient funds in keeping up payments on the mortgage debt. Plaintiff then obtained sufficient money to make the payments on the mortgage debt and the idea of selling the property was abandoned. The guardianship continued during defendant's minority.

What was plaintiff's intention when he caused the title to the property to be placed in the name of his adopted child? Did he intend to make an absolute gift of the property or was she merely to hold the title for him?

Our attention is directed to 60 O. S. 1941 § 137, which provides:

"When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

However, where property is purchased by a father and the title taken in the name of his child, a gift is presumed. Fibikowski v. Fibikowski, 185 Okla. 520, 94 P. 2d 921.

The argument is advanced that the transaction in the case at bar is removed from the gift class by reason of the financial circumstances of the father, who did not own other property. It is true that few individuals give all their property to their children and a father should not be presumed to have done so if the cause rested entirely on a presumption. However, in the case here presented other circumstances indicate that the transaction was in reality a gift as distinguished from a resulting trust. The mother who appeared as a witness in her daughter's behalf testified in substance that it was decided to cause the deed to the property to be made to the child so she would have some property in her advanced years.

Plaintiff urges that error was committed by the trial court in excluding evidence as to his intention in causing the property to be deeded to the defendant.

Plaintiff sought to establish that he intended to retain a one-half interest in the property. He would have testified to such intention if permission had been granted. The theory of the trial court in excluding the tendered proof was that it was inconsistent with plaintiff's declarations and position in the guardianship proceeding wherein the defendant's ownership of the property was recognized.

The ruling of the trial court on the question of proof was erroneous. A litigant may institute an action or proceeding in reliance upon a given state of facts and recite the facts relied upon by him in appropriate pleadings. Later he may ascertain that the facts were different, and in reliance thereon institute another action asserting the facts in accord with his subsequent information. The pleadings in his first action are of evidentiary force in the second but are not conclusive. They constitute a judicial admission (20 Am. Jur. 460 and 469) and should be received as such. However, they are not conclusive on the recited fact and should not be so treated. 20 Am. Jur. 1050; annotation 90 A.L.R. 1393, at 1407; Knupp v. Hubbard, 130 Okla. 111, 265 P. 133. The fact that the county court and district court on appeal regarded the property as that of the defendant does not operate to render the evidence conclusive since neither of the courts possessed the judicial power to determine the ownership of real property and the ownership of the property was not at issue in the guardianship case.

Was the error in the exclusion of evidence prejudicial? The proof in favor of defendant herein was strong and satisfactory, but not conclusive. By the deed she was made the sole owner. By the guardianship proceedings she was recognized as such. Under her mother's testimony no other arrangement with reference to the title ever existed. We are disposed to the view, and hold, that the excluded testimony might have changed the result of this litigation if it had been admitted. The error was therefore substantial. Since in the trial of this cause evidence was excluded which should have been admitted, and since the excluded evidence might have changed the result of the litigation if admitted, the cause must be reversed for a new trial.

CORN, C. J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, and ARNOLD, JJ., concur.