LAWRENCE v. LAWRENCE et al.

No. 31806. June 12, 1945.

Rehearing Denied July 3, 1945.

*159 P. 2d 1018.*

C. E. B. Cutler, of Okmulgee, for plaintiff in error.

Steele & Boatman, of Okmulgee, and W. L. Eagleton, of Tulsa, guardian ad litem, for defendants in error.

CORN, J. This is an action by Frances B. Lawrence, personally and as executrix of the estate of her deceased husband, John F. Lawrence, against Louise Lawrence, widow of Ridgeway Lawrence, deceased, and their only children, William R. Lawrence, an adult, and Jack Lawrence, a minor, to quiet title to an undivided one-half interest in 40 acres of land in Tulsa county. Judgment was for the defendants, and the plaintiff brought this appeal. The parties will continue to be referred to herein as plaintiff and defendants as they appeared in the trial court.

The main question involves the validity of a quitclaim deed to the premises from John F. Lawrence, deceased, to his son, Ridgeway Lawrence, deceased.

The plaintiff alleged in her petition, and sought to show by the evidence, that on or about December 8, 1931, John F. Lawrence executed the quitclaim deed in question to Frances B. Lawrence, his wife, the plaintiff, as grantee, at San Antonio, Tex., and mailed it to Etha Lawrence at Okmulgee, to be recorded in Tulsa county; that said deed was altered by the substitution therein of Ridgeway Lawrence as grantee, and was thereafter filed for record on December 19, 1931, and recorded in Book 1007 at page 129 in the office of the county clerk of said county. In her petition the plaintiff prays that the quitclaim deed be corrected and reformed and the title to the land be quieted in the plaintiff.

The plaintiff amended her petition and attempted to show that she had loaned John F. Lawrence $2,800, and that he had agreed to convey to her this land and some other property in payment of the loan, and that the deed in question was executed pursuant to such agreement.

Etha Lawrence, related to the family by marriage, an Oklahoma attorney and legal adviser to the family, testified that John F. Lawrence mailed the deeds to her for recording, wherein he conveyed property to the plaintiff; that she recorded the deeds to the property in Okmulgee county, but returned the deed to the Tulsa county land in controversy and reminded him of an understanding he had with his mother, who at one time claimed an interest in the land, but released her claim with the understanding that this land should go to Ridgeway Lawrence; that John F. Lawrence immediately executed another deed naming Ridgeway Lawrence as grantee and mailed it to her, and she recorded it in Tulsa county.

It appears from the record that on the same day that John F. Lawrence made and executed the quitclaim deed to Ridgeway Lawrence, he made and executed one to Frances B. Lawrence, describing the same land, but it also appears that the quitclaim deed to Frances B. Lawrence was not delivered, but was found in the grantor's box after his death. Whether this was the identical deed that was mailed to Etha Lawrence and returned by her to the grantor is not clear, nor is it material here, as it was never delivered and conveyed nothing to the plaintiff.

Argument and authorities are presented on the question of a resulting trust in the property in favor of the plaintiff, but we are of the opinion that the evidence is insufficient to establish the fraud relied upon to defeat the title of the defendants and warrant the reformation of the deed to Ridgeway Lawrence, or to impress the property with a trust in favor of the plaintiff.

The fact alone that the grantor was indebted to the plaintiff for the loan of $2,800, and was about to convey this property to her, along with the other property which he did convey to her, to repay the loan, is not sufficient to create a trust in the property, or to raise a presumption of such intent, as he made other disposition of the property, as he had a right to do, before the deed became effective by delivery.

The evidence is convincing, under the circumstances above mentioned, that the grantor intended to invest Ridgeway Lawrence with both the legal and equitable title to the property. The very fact that he recalled the first deed by which he was about to convey the property to Frances B. Lawrence, and then executed another deed conveying the same to Ridgeway Lawrence, should remove all doubt as to the true intent of the grantor as to the investment of the property. This disproves the plaintiff's theory of the case: that by the fraud of a third party the title was diverted from the intended grantee to an unauthorized grantee, and that by reason of such fraud the latter merely holds the naked legal title for the benefit of the former.

The evidence to establish a resulting trust must be clear, satisfactory, and convincing. The evidence in the record does not meet this requirement.

612

On the day of the trial the plaintiff amended her petition with the allegation that the acknowledgment to the deed was void because it was not executed on the date indicated therein, and that the signature of the notary was forged. The plaintiff, however, did not offer any evidence of forgery at the trial, nor did she apply for a continuance to secure the evidence, but assigned as error the refusal of the court to grant a new trial on the strength of an affidavit of an alleged handwriting expert that the purported signature of the notary was a simulated forgery. It is not contended that the signature of the grantor was not genuine.

A party will not be granted a new trial on the ground of newly discovered evidence where he went to trial knowing of its absence, unless he took proper steps for a continuance. Federal National Bank of Shawnee v. Sartin, 114 Okla. 244, 246 P. 617; Bank of Chelsea v. School District No. 1, Rogers County, 62 Okla. 185, 162 P. 809; First National Bank v. Farmers' State Guaranty Bank of Thomas, 62 Okla. 30, 161 P. 1063. Nor should a new trial be granted for newly discovered evidence where such evidence does not render it probable that a different result would be reached on a new trial. Swan v. Duncan, 78 Okla. 305, 190 P. 678; Beck v. Finley, 77 Okla. 213, 187 P. 488; Yukon Mills & Grain Co. v. Imperial Roller Mills Co., 34 Okla. 817, 127 P. 422. It was not probable that a different result would have been reached on a new trial where it appeared from the evidence that it was the clear intent of the grantor to convey the property to his son, Ridgeway Lawrence. Even if the deed had not been acknowledged at all, the instrument bearing the grantor's genuine signature would be sufficient evidence to show that he did not intend to convey the property to the plaintiff, or to create a trust in the property in her behalf.

Objection is made by the plaintiff to the fee of $125, allowed the guardian ad litem and taxed as costs in the case, as excessive. It appears that the guardian ad litem actively engaged in the preparation of the pleadings and actively assisted in the trial of the case, and in view of the time and effort actually and necessarily expended in the case, we are unable to say that the amount is clearly excessive to any degree that would warrant interference by this court.

This being an equity case, we have carefully read the record and weighed the evidence, and have reached the conclusion that the judgment of the trial court is amply supported by the evidence and should not be disturbed.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.