## CHILDERS v. BREESE.

No. 33436. Oct. 4, 1949.

Rehearing Denied Nov. 1, 1949.

Second Petition for Rehearing Denied Jan. 24, 1950.

*213 P. 2d 565.*

Logan Stephenson, F. C. Swindell, and O. C. Lassiter, all of Tulsa, for plaintiff in error.

C. R. Nixon and L. J. Bicking, both of Tulsa, for defendant in error.

CORN, J. Plaintiff, as named beneficiary, brought suit to recover upon a life insurance policy issued by defendant, the Prudential Insurance Company of America, to Geraldine G. Breese, who died July 8, 1946. Plaintiff later applied to have Pamela Sue Breese, deceased's infant daughter and former beneficiary under the policy, made a party defendant.

Through her guardian ad litem the infant filed answer denying plaintiff was entitled to the proceeds of the policy; and by cross-petition alleged she was entitled to the proceeds because insured, her mother, had purchased same for her benefit.

Thereafter, upon proper application, Ralph Breese, paternal grandfather and guardian of this minor, filed a petition in intervention alleging the insured's death; that plaintiff was the named beneficiary pursuant to an agreement with deceased that, in the event of death, plaintiff would hold the proceeds of the policy in trust for the infant intervener, and that plaintiff had been named beneficiary of the policy only because of such promise and agreement. Further, that plaintiff had procured a county court order adopting the infant prior to insured's death, but left the child in the care of others, and the county court thereafter revoked the adoption because plaintiff had misrepresented matters in her petition for adoption, and had stated that she wanted to use the money for the care and maintenance of the child, when it was the adoptive parent's duty

to maintain the child during minority. Petitioner asked the court to decree the proceeds of the policy to constitute a trust for such infant's benefit, and that defendant be directed to pay same to the petitioner as guardian, to be administered for the child's benefit, and that plaintiff be barred from asserting any claim or interest therein.

Defendant's answer admitted issuance of, and liability under the policy, and tendered the proceeds ($2,000) into court, requesting an order discharging the company from further liability, which motion was granted and the order entered.

Plaintiff's answer to the petition in intervention admitted petitioner was the grandfather and duly appointed guardian of the minor, and that insured died leaving a policy of insurance wherein plaintiff was the named beneficiary, but denied generally the other allegations of the petition. Her reply to the intervener's answer, and answer to the cross-petition made general denial of the allegations contained therein, and upon the issues so presented the cause was tried to a jury.

The evidence established that the insured, a widow, purchased the policy August 21, 1944, naming as beneficiary her daughter, then approximately a year old, directing payment in monthly installments of $50. Thereafter insured became seriously ill and upon being advised of the probable fatal nature of her illness discussed with plaintiff the future care of her child. As an outgrowth of such conversations plaintiff sought and procured an order of adoption from the county court. Thereafter insured executed the change of beneficiary, directing lump sum payment to plaintiff.

In revoking the order of adoption the county court found plaintiff had never had care and custody of the child and had neglected to provide care and support, and had testified that she intended to expend the money for the minor's support.

Plaintiff testified that after the insured had been advised that she probably could not recover from her illness, they discussed what would be done with the child after her death, and that in pursuance of such conversations plaintiff applied for adoption of the child, and that shortly thereafter application for change of beneficiary of the policy was made, although plaintiff was not present when this was done.

After hearing the evidence and receiving the trial court's instructions the jury returned a verdict finding the issues for the intervener and judgment was rendered thereon. Upon appeal the assignments of error relied upon by plaintiff for reversal of the judgment are presented under two propositions.

Defendant first contends that the evidence herein was insufficient to prove an express trust. As an abstract proposition this is to be conceded, since an express trust is said to come into being only upon execution of an intention to create it by the party having the legal and equitable control of the subject matter of the trust. See 54 Am. Jur., Trusts, section 5; McCoy v. McCoy, 30 Okla. 379, 121 P. 176, Ann. Cas. 1913 C, 146. And see 54 Am. Jur., Trusts, section 30, as to the essential requisites of a valid, express trust. And, in Bryant et al. v. Mahan, 130 Okla. 67, 264, P. 811, paragraph 1 of the syllabus states:

"To constitute an 'express trust' there must be some act, on the part of the cestui que trust, expressive of an intent to create a trust and to designate some one as trustee. A 'resulting trust' arises where, from the condition of facts existing, regardless of any intent on the part of the beneficiary, the law presumes a trust."

The equity rule is that:

" 'Express trusts' are generally created by instruments that point out directly and expressly the property, persons, and purpose of the trust; hence, they are called direct or express trusts in contradistinction from those trusts that

are implied, presumed, or construed by law to arise out of the transactions of the parties."

However, the intervener's pleadings were framed upon the theory that the insured's intention, to be inferred from the surrounding circumstances, was to place legal title to the proceeds of the policy in plaintiff for the benefit of the infant daughter. In this manner the case was presented upon the theory of a resulting trust, and this issue was presented to the jury under the instructions of the court.

A resulting trust is one of the classes of trusts, which arise by operation of law and may exist where an express trust could not exist, since it may arise without being created in writing, being based upon presumption or inference of law and not upon expression of the trustor's intention. See 54 Am. Jur. Trusts, §186 et seq; Crane v. Owens, 180 Okla. 452, 69 P. 2d 654; Courts v. Aldridge, 190 Okla. 29, 120 P. 2d 632. Such trusts are not within the statute of frauds. McGill v. McGill, 189 Okla. 3, 113 P. 2d 826.

In 54 Am. Jur., Trusts, §196, it is said:

"The doctrine of resulting trusts is a familiar one in equity jurisprudence. Most broadly speaking, a resulting trust arises from the nature or circumstances of consideration involved in a transaction whereby one person thereby becomes invested with a legal title but is obligated in equity to hold his legal title for the benefit of another, the intention of the former to hold in trust for the latter being implied or presumed as a matter of law, although no intention to create or hold in trust has been manifested, expressly or by inference, and although there is an absence of fraud or constructive fraud. . . ."

Measured by the foregoing rules, it cannot be said otherwise than that it is to be inferred from the accompanying facts and circumstances that the insured intended that the beneficial interest in the proceeds of the insurance policy was not to go with the legal title. This clearly is an instance where the party obtaining legal title should not, in equity and good conscience, be permitted to hold and enjoy the beneficial interest, and a court of equity in such instances will raise a trust out of such circumstances.

Plaintiff next urges that, even if a trust was proved, the intervener could not be entitled to the trust fund as against the trustee. At the outset it is to be noted that plaintiff's claims are inconsistent in that, having attempted to assert a claim opposed to the interest of the minor, plaintiff now seeks to assert a trustee's right of control over the subject of the trust which she at first attempted to wrest from the minor.

Plaintiff relies upon the proposition that a general guardian has no right to the possession or management of a fund held in trust for the ward. Citing 28 C.J., Guardian and Ward, §211, and Finch v. Miller, 178 Ga. 37, 172 S. E. 26. Reading of this case reflects that it is not authority for plaintiff's contention herein, for the reason that there the policy provided for the payment to a named trustee for the minor; and in accordance with the statutes, the trustee had made bond and was administering the trust under supervision of the court.

Trusts are said to be matters which, by their very nature, are within the exclusive judgment of courts of equity to administer. See McCoy v. McCoy, supra. A court of equity has authority in a proper case to remove or discharge a trustee for cause. Mertz v. Owens, 191 Okla. 77, 126 P. 2d 720.

54 Am. Jur. Trusts, §132, states:

"Hostility or tension between a trustee and beneficiaries generally does not in itself constitute a ground for the removal or discharge of the trustee, particularly where such hostility or tension is not considerable, or exists between the trustee and only one of several beneficiaries, or where the duties of the trustee are slight or formal and ministerial, and there has been

no neglect or misconduct on the part of the trustee.

"However, hostility or tension jeopardizing or interfering with the administration of the trust, as it usually does where it is deep-seated and irreconcilable, or where the character of the trust requires personal relationship between the trustee, is ground for the trustee's removal or discharge, even though he has been without fault."

While the question is first presented to us on appeal from a judgment in an action brought to recover on an insurance policy, we are of the opinion that the judgment of a court of equity would have permitted the removal of plaintiff as trustee and the substitution of the minor's guardian, already appointed by the court and serving under bond as trustee of the fund belonging to the infant.

In Cameron et al. v. White et al., 128 Okla. 251, 262 P. 664, in syllabus 6, we held as follows.

"When trustees become interested in the subject of their trust to the extent that their interest is antagonistic to that of the beneficiaries, such trustees should be removed by a court of equity having jurisdiction of the subject-matter and proper substitution made."

Judgment affirmed.

DAVISON, C. J., and GIBSON, LUTTRELL, and O'NEAL, JJ., concur. WELCH and JOHNSON, JJ., dissent.