John L. ELLIS, W. J. Fite, Gilbert W. Archer and Reuben C. Taylor, Plaintiffs in Error,

v.

Richard K. RACE, Defendant in Error.

No. 40535.

Supreme Court of Oklahoma.

Jan. 26, 1965.

Charles E. Grounds, Seminole, and Kenneth B. Kienzle, Jr., Shawnee, for plaintiffs in error.

Rinehart, Morrison & Cook, Oklahoma City, for defendant in error.

BERRY, Justice.

The named plaintiffs filed this joint action on March 26, 1962, seeking damages for their personal injuries incurred in a common accident, alleged to have resulted from various acts and omissions by defendant and which were asserted to have been the proximate cause thereof. The matters which provide the basis for the issue herein appealed disclosed by the pleadings and evidence are summarized hereafter.

The day of the accident, (November 21, 1961), was overcast and there had been some rain. The plaintiff Taylor was owner and driver of a Ford station wagon in which the other plaintiffs were passengers. All were

returning to their homes in the Tecumseh area after their day's work at Tinker Field. The car was proceeding east on Highway 9 toward Tecumseh. Approximately seven miles east of Norman plaintiffs' car was the last in a line of six vehicles. As Taylor attempted to pass the line of cars the defendant also pulled out to pass, so that part of his car was to the left of the center line; whereupon Taylor applied his brakes and his station wagon skidded ninety-three feet down the highway and crashed into the bannister of a bridge over Little River. The vehicle was severely damaged and as a result of this collision each plaintiff received painful and permanent injuries.

The case was tried to a jury upon the issues made by the pleadings. During trial of the case certain stipulations were entered into between the parties. While the plaintiff Fite was on the witness stand defense counsel, during cross-examination, asked Fite whether he, or either of the other two plaintiff-passengers, had warned Taylor not to pass the line of vehicles. The witness denied this occurred. Thereupon defense counsel questioned this plaintiff concerning an action for damages which he had filed before the present case, wherein the petition alleged the plaintiff (Fite) had admonished Taylor to slow down and not attempt to pass the cars ahead, but that Taylor nevertheless did make such attempt. At the suggestion of defense counsel the trial court then advised the jury as to certain stipulations entered into by the parties.

The jury was advised the parties had stipulated that each of the plaintiffs who were passengers (Fite, Ellis, Archer) theretofore had sued Taylor for damages for their injuries; that such action had been dismissed March 20, 1962, upon the basis of settlement between plaintiffs and Taylor (a plaintiff in the present action). Further, it had been stipulated that the petition in the prior action could be considered as evidence in this case; and in such petition plaintiffs had alleged Taylor was following cars traveling in the same direction and in speeding up to pass these cars ahead on or near the

bridge; notwithstanding their protest Taylor attempted to pass the line of cars and skidded into the bridge; the collision resulted from his negligence as alleged and was the proximate cause of the injuries suffered by each named plaintiff.

Demurrer to plaintiffs' evidence was overruled, as was defendant's motion for directed verdict at the close of all the evidence. The case was submitted to the jury under instructions from the trial court and the jury thereafter returned a verdict for defendant. Motion for new trial was overruled and this appeal was perfected.

The only issues presented on appeal as grounds for reversal of this judgment are evoked by plaintiffs' complaint as to certain instructions given by the trial court, and also by the trial court's refusal to give five instructions requested by plaintiffs.

The first subdivision of argument asserts reversible error arising from the giving of Instruction No. 12 which stated:

"You are further instructed that a person riding as a passenger in an automobile being driven by another must use ordinary care for his own safety and when the exercise of such care requires that he call the attention of the driver of the vehicle in which he is riding to approaching danger or the reckless manner in which the automobile is being driven, he must do so and his failure to so caution the driver is negligence. If you find that the plaintiffs that were passengers failed to exercise this duty in this case and their failure contributed in any degree to the accident and resulting injuries, if any, then they cannot recover and your verdict must be for the defendant."

Plaintiffs assert prejudice from such instruction because it assumes the passenger-plaintiffs had control over both the driver and the operation of the vehicle; that there was no evidence at the trial either that any passenger had occasion to call Taylor's attention to approaching danger, or that the vehicle was being operated in a reckless manner prior to the collision; that the rec-

ord discloses both that no warning was given Taylor, and that any warning would have been useless and unnecessary because defendant pulled in front of Taylor too fast for plaintiffs to react.

Plaintiffs seek to support this argument under our decision in Mouser v. Talley, Okl., 375 P.2d 968, which recognizes these principles: (1) giving an instruction on contributory negligence is reversible error where there is no evidence justifying giving such instruction; (2) where one or more passengers give the driver timely, audible warning of approaching danger, the other passengers are relieved of any duty to protest; (3) where the time of apparent danger is so short as to make warning dependent upon the element of time, the passengers' failure to warn is not such contributory negligence as warrants submission of the question to the jury.

This argument fails for two reasons. (a) There was evidence that the highway sloped downward toward the bridge, and that the road was wet from earlier rain in the area; and in order to pass the cars, as Taylor attempted to do, it was necessary for Taylor to pull into the left lane of a two-lane highway and increase his speed while traveling downhill toward the bridge. Whether such conduct constituted reckless operation of the vehicle involved a matter for the jury to decide. Thus, in the event such course of conduct was found to constitute negligence, there arose the question of plaintiffs' contributory negligence under the circumstances.

(b) The argument that there was no evidence a warning was given, or that if given it would have been useless because of the time element involved, is offered in an effort to make the principles announced in the Mouser case, supra, applicable herein. We are of the opinion this argument is unsound in view of the evidence bearing upon plaintiffs' admonitions to Taylor, disclosed by the petition filed in the original suit and considered as evidence under the stipulation referred to above. As respects this type of evidence the rule was stated in Syllabus 1 of Every v. Rains et al., 84 Kan. 560, 115 P. 114, as follows:

"Where a petition is filed in an action by a party who becomes a defendant in another action, it may be used in evidence on the trial of such other action against the party who filed it, if it contains statements material to the issue on trial, in the nature of admissions, or allegations tending to contradict his testimony."

Also see Wigmore on Evidence (3rd Ed.), Sec. 1064 and foot note cases. The rule is said to be consistent with general rules of evidence applicable to admissions against interest, there being no reason against propriety of application to admissions contained in pleadings. This is true because admissibility of an admission against interest is not dependent upon the question of to whom made, but may be used by any person whose interests coincide with the contents of the admission. An extensive annotation in 14 A.L.R. 22 reflects many variations arising from decisional law of jurisdictions which have considered the question and many related phases. Herein we are concerned only with the use of the prior petition as evidence, since admission by stipulation removes other questions as to verification, etc.

As early as Limerick v. Lee, 17 Okl. 165, 87 P. 859, we held that a lien statement under oath together with the cross-petition filed in one case was competent evidence against the party on trial of another case as statements or admissions, although not conclusive and carrying nothing of estoppel in favor of a stranger to the action in which filed. And, in Lane v. Choctaw, O. & G. R. Co., 19 Okl. 324, 91 P. 883, the rule was recognized and applied upon the basis that whatever a party has said about his case may be used against him, the weight of such evidence being left for the trier of facts. Extensive citations support the conclusion stated. Also see Hankins v. Hankins, 195 Okl. 160, 155 P.2d 720; Hughes v. Hughes, Okl., 363 P.2d 155.

The rule discussed supports our conclusion that the instruction given was proper, since

there was evidence for the jury to consider concerning plaintiffs' duty to warn Taylor of approaching danger, and whether a warning would have been unnecessary or useless. The instruction complained of cannot be considered prejudicial to plaintiffs.

■ Complaint also is made as to the giving of Instruction No. 13 as follows:

"You are instructed that one who operates an automobile on the highway owes to other travelers and persons on the highway the duty of controlling and driving it carefully, so as to avoid causing needless injury, and in the performance of that duty is bound to take all the precautions which reasonable care requires under all the circumstances."

The argument is that such instruction was prejudicial to the rights of those plaintiffs who were passengers, since no distinction was made therein between the operator (Taylor) and the passengers. There was no issue made, and no evidence introduced, that any party other than plaintiff Taylor was operating the vehicle. The language of the instruction restricted the law to be applied solely to the operator of a vehicle. No error inhered in this instruction and no prejudice could have resulted from the jury being so advised.

The contention also is made that Instruction No. 16, set out below, was prejudicial to plaintiffs' rights. This instruction advised the jury:

"Should you find from a preponderance of the evidence herein that the defendant was guilty of any of the acts of negligence alleged in plaintiffs' petition, and that such negligence was the direct and proximate cause of the injury, if any, to the plaintiffs, or either of them, and plaintiffs were not guilty of contributory negligence, then your verdict should be for the plaintiffs, or either of them, and against the defendant; but if you do not so find, or if you find that the plaintiffs, or either of them were guilty of contributory negligence, which, combining and concurring with the negligence

of the defendant, proximately caused the accident resulting in the injuries and damage, if any, then your verdict should be for the defendant, notwithstanding his negligence."

Plaintiffs assert this instruction failed to differentiate between the plaintiffs and placed them all upon the same footing, which permitted the jury to assume that if any one was guilty of contributory negligence none of the plaintiffs could recover.

■ The rules are settled that no single instruction need contain all the law to be considered and applied by the jury. City of Holdenville v. Moore, Okl., 293 P.2d 363, 59 A.L.R.2d 276. And, instructions are sufficient if all the instructions taken together and considered as a whole fairly state the law applicable to those issues upon which competent evidence has been introduced. Slater v. Mut. Ben. Health & Acc. Ass'n, Okl., 393 P.2d 838. Another instruction given defined contributory negligence. Under a separate instruction the jury was advised that each plaintiff was entitled to have his case considered separately as respected his individual cause of action. And, the instruction given twice referred to the plaintiffs, *or either of them*. The claim of prejudice said to result from the giving of Instruction No. 16 is unfounded.

■ Error also is urged by reason of the trial court's refusal to give plaintiffs' requested instructions. The first requested instruction was to the effect that negligence of the driver of the car cannot be imputed to a passenger who has no control over the vehicle or the operator, hence Taylor's negligence was not imputable to the other plaintiffs under the evidence in this case. The argument again is that an instruction may not be given as to contributory negligence in the absence of evidence from which same may be inferred or presumed. No issue was raised by the pleadings or the evidence concerning imputed negligence. The questions raised by the evidence as to existence of contributory negligence have been noted heretofore. The claim of error arising from re-

fusal to give the requested instruction is without substantial merit.

Plaintiffs also assign as grounds for reversal the trial court's refusal to give requested Instructions 2, 3, 4 and 5 which are set out seriatim in the brief. Since neither citation of authority nor convincing argument is offered in support of this alleged error, same will be treated as waived. Maddox, Adm'x v. Bridal, Okl., 329 P.2d 1049.

Judgment affirmed.

HALLEY, C. J., and JOHNSON, WILLIAMS and BLACKBIRD, JJ., concur.

JACKSON, V. C. J., and IRWIN, J., dissent.