Manilla **BOATRIGHT,** Appellant,

v.

Weldon G. **PERKINS,** Harold G. Perkins and Wanda Burks, Appellees.

No. 80043.

Supreme Court of Oklahoma.

April 11, 1995.

Douglas L. Boyd, Tulsa, for appellant.

Georgina B. Landman, Tulsa, for appellees.

OPALA, Justice.

The issues presented on certiorari are: (1) Is the trial court's decision which refuses to impress a resulting trust on the defendants' title to the property in contest clearly contrary to the weight of the evidence? and (2) Does Oklahoma's extant jurisprudence recognize a rebuttable presumption of a gift when a child pays the purchase price for real property conveyed to its parent? We answer the first question in the affirmative and the second in the negative. We conclude today that (a) Manilla Boatright [Boatright or daughter] clearly and convincingly established she paid the consideration for the purchased property in contest; (b) the legal title to this property is *presumptively* impressed with a resulting trust in Boatright's favor; and (c) the cause must be remanded to afford Weldon G. Perkins, Harold G. Perkins, and Wanda Burks [defendants or siblings] an opportunity to present their proof in defense against the claim.

# I

## THE ANATOMY OF LITIGATION

In the spring of 1946 Boatright borrowed $4,000.00 from her fiance for the down payment on a home in Tulsa.[1] This concerned Elease Perkins [Perkins or mother] who intended to reside with her. Perkins requested the property's title be taken in her name to shield it from Boatright's fiance. When Boatright agreed, legal title went to Perkins who gave a mortgage for the $1,450.00 balance of the purchase price. *Boatright's earnings were used to make all of the mortgage payments.*

In 1956 another home—*at issue here*—was purchased for $14,200.00. The property acquired earlier in 1946 was used as partial consideration. The balance of the purchase price was secured by a note signed by *both* Boatright and Perkins and by a mortgage given solely by Perkins. Once again legal title was taken in the mother's name. As before, Boatright's earnings were used to make *all* of the mortgage payments and to satisfy the ad valorem tax obligation—at the least until 1978.

In 1966 Elease Perkins borrowed from Weldon Perkins (her son) the money necessary to pay off the note and secure the release of the mortgage. These funds were repaid with monies which Boatright gave to her mother.

In 1978 Boatright filed in the Tulsa County Clerk's office an affidavit in which she claims an "interest"[2] in the property that is the subject of this action. Elease Perkins died testate in 1988. The final decree in her estate's probate was entered November 16, 1988. By its terms legal title to the property stood distributed equally to Weldon G. Perkins, Harold G. Perkins and Wanda Burks.

Boatright, in January 1989, brought suit (a) claiming equitable title to the property as *qua cestui que trust* of a resulting trust and (b) seeking a decreed conveyance of the defendants' legal title acquired from the mother's probate. At the conclusion of the plaintiff's case, the nisi prius court sustained the defendants' motion for judgment.[3] The trial judge concluded that (1) Boatright paid only a portion of the property's purchase price; (2) any part of the purchase price paid by Boatright was a gift to her mother; and (3) Boatright did not prove that, at the time of the property's purchase, she intended to retain its beneficial use.

Boatright appealed from the nisi prius decision. Ruling there was no error in presuming a gift *when a child pays* the purchase price for property conveyed to a parent, the appellate court affirmed the nisi prius decree. We granted certiorari on Boatright's petition and now hold that a *presumption of a gift* does *not* arise when a child, who pays the purchase price, allows legal title to be taken in its parent's name. When legal title is conveyed to one other than the person who paid the purchase price, equity will presume that the latter (one paying the consideration) is its beneficial owner. Unless this presumption be rebutted, a resulting trust will be impressed on the property's legal title.

# II

## THE STANDARD OF REVIEW

A proceeding to impress a resulting trust[4] upon a property's legal title is of

---

1. This property was to be the home of Boatright, her minor daughter and her mother.

2. We view Boatright's use of the word "interest" [in her affidavit filed in the county clerk's office] to describe the nature of her demand as entirely compatible with her equitable claim as *cestui que trust* of a resulting trust.

3. A defendant's "demurrer" to the evidence is treated in equity as a *motion for judgment* in the

movant's favor. *Snow v. Winn*, Okl., 607 P.2d 678, 680 (1980).

4. A *resulting trust* is deemed to arise when, upon the transfer of legal title to real property, an intent may be *inferred from the circumstances of the conveyance* that the grantor's beneficial interest was not passed with legal title. A trust would then "result" in favor of the grantor whom equity regards as *cestui que trust* (beneficial owner). *Courts v. Aldridge*, 190 Okl. 29, 120 P.2d 362, 364 (1941).

equitable cognizance.[5] While an appellate court will examine and weigh the record proof, it must abide by the law's presumption that the trial court's decision is legally correct. The nisi prius decree cannot be disturbed unless found to be *clearly contrary to the weight of the evidence* or to some governing principle of equity jurisprudence.[6] If legally correct, the chancellor's decree will not be reversed because of faulty reasoning, an erroneous finding of fact or the consideration of an immaterial issue.[7]

## III

### WHEN A CHILD PAYS THE PURCHASE PRICE AND A PARENT TAKES LEGAL TITLE TO A PROPERTY, NO REBUTTABLE PRESUMPTION OF A GIFT WILL ARISE

▪▪▪ Oklahoma's extant jurisprudence allows a rebuttable presumption of a gift where *a parent pays* the purchase price and legal title to property is conveyed to the child.[8] This concept, which rests on the parents' *legal* obligation to provide for their children,[9] lends no support for the reverse proposition. According to the ancient view of the chancery, though a duty to support one's child may be regarded as established, there is no corresponding obligation by a child to its parents. In short, when *a child pays* the consideration for the realty's purchase and legal title to the premises is taken in a parent's name, *no legal presumption of a gift will arise.*[10]

## IV

### WHEN LEGAL TITLE TO REAL PROPERTY IS CONVEYED TO ONE AND THE PURCHASE PRICE IS PAID BY ANOTHER, A TRUST *IS PRESUMED* TO RESULT IN FAVOR OF THE PERSON WHO PAYS THE CONSIDERATION[11]

▪▪▪ When legal title to real property is conveyed to one and another pays the consideration, the law presumes that the latter person (who paid the purchase price) intended to acquire the equitable interest in the property.[12] The party claiming a resulting trust in another's legal estate is required to show—by clear, satisfactory and convincing proof[13]—that he (or she) either paid or secured the payment of the consideration at the time of purchase.[14] Once that burden is

---

5. *Cacy v. Cacy*, Okl., 619 P.2d 200, 202 (1980); *Staton v. Moody*, 208 Okl. 372, 256 P.2d 409, 450 (1953); *Childers v. Breese*, 202 Okl. 377, 213 P.2d 565, 568 (1950); *Aldridge, supra* note 4, 120 P.2d at 365; *Exchange Trust Co. v. Godfrey*, 128 Okl. 108, 261 P. 197, 202 (1927); *Indian Trust & Land Co. v. Owen*, 63 Okl. 127, 162 P. 818, 822 (1917).

6. *Aldridge, supra* note 4, 120 P.2d at 365; *Childers v. Breese*, 202 Okl. 377, 213 P.2d 565, 568 (1950); *Adams v. Adams*, 208 Okla. 378, 256 P.2d 458, 462 (1953).

7. *Willis v. Nowata Land and Cattle Co.*, Okl., 789 P.2d 1282, 1286–87 (1990).

8. *Godfrey, supra* note 5, 261 P. at 201; *King v. Courtney*, 190 Okl. 256, 122 P.2d 1014, 1015 (1942); *Hankins v. Hankins*, 195 Okl. 160, 155 P.2d 720, 722 (1945).

9. *See Godfrey, supra* note 5, 261 P. at 202.

10. *See* RESTATEMENT (SECOND) OF TRUSTS § 442 comment a (1959), which states in pertinent part: "It [the law's presumption of a gift to the grantee] does not apply where the payor and transferee respectively are ... child and parent."

11. The terms of 60 O.S.1991 § 137 are:

"When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

12. The chancery doctrine of resulting trust is codified in 60 O.S.1991 § 137. *See supra* note 11 for the pertinent terms of 60 O.S.1991 § 137. *Oklahoma City v. Vahlberg*, 197 Okl. 613, 173 P.2d 736, 740 (1946). For a discussion of the chancery trust concepts, see RESTATEMENT (SECOND) OF TRUSTS § 440 which states in pertinent part:

"Where a transfer of property is made to one person and the purchase price is paid by another, a resulting trust arises in favor of the person by whom the purchase price is paid...."

13. *Wadsworth v. Courtney*, Okl., 393 P.2d 530, 533 (1964); *Nicklas v. Crowell*, 205 Okl. 432, 238 P.2d 347, 350 (1951); *Lawrence v. Lawrence*, 195 Okl. 610, 159 P.2d 1018, 1020 (1945).

14. The trust must arise, if at all, at the time the purchase of the real property is made. *Adams, supra* note 6, 256 P.2d at 461.

met, the law will raise a resulting trust;[15] and the onus of going forward with the evidence to rebut (or overcome) that presumption is shifted to the holder of the realty's legal title.[16]

■ Boatright proved below that both (1) her earnings and (2) the monies she borrowed *were used for payment of the property's purchase price.* At all times *after* the property's purchase, Boatright conducted herself as though the obligation to pay the realty's purchase price was hers alone. While she accomplished payment by giving the money to her mother—who then paid the mortgage installments—rather than by direct remittance to the lender, equity looks beyond the form of transactions or the manner in which they take shape to carry out the true intentions of the parties.[17] On this record, Boatright has amply met the § 137 evidentiary onus by clear and decisive proof. She is hence entitled to the presumption that a trust resulted in her favor. We conclude that the nisi prius decision is clearly contrary to the weight of the evidence adduced at trial.

## V

## WHEN A NISI PRIUS DECISION IN EQUITY—BY WHICH AT THE CONCLUSION OF THE PLAINTIFF'S CASE THE TRIAL JUDGE SUSTAINS A DEFENDANT'S MOTION FOR JUDGMENT—IS REVERSED AS CLEARLY CONTRARY TO THE EVIDENCE'S WEIGHT, THE DEFENDING PARTY MUST BE ALLOWED TO PRESENT ITS CASE IN DEFENSE AGAINST THE CLAIM

The defendants moved for judgment at the conclusion of Boatright's evidence. The trial judge sustained their motion and ruled in their favor. The nisi prius decision is based upon a legal conclusion at variance with the applicable principles of equity.[18] The trial court's *critical finding* on the issue of who paid the purchase price is clearly contrary to the evidence's weight. The decree must accordingly be reversed. Due process requires that on remand the defendants be afforded an opportunity to present their proof.[19] It is for this reason that the general rule in equity appeals—that the reviewing tribunal will give that judgment which should have been pronounced below—cannot be applied here.[20] No final disposition of this controversy can be effected *sans* retrial.

## VI

## SUMMARY

According to Boatright's proof, she paid the consideration for both the 1946 and 1956 purchases of real property, the legal title to which was taken in her mother's name. It was not necessary for Boatright to prove more—*i.e.,* that she *intended* to secure beneficial title in the purchased property. *That intent is supplied by law,* to whose § 137 [21] presumption of a resulting trust she is clearly entitled. Nor was Boatright required to overcome a perceived presumption that the purchased property was a gift to her mother. This is so even though she is the legal title holder's daughter. *Since a child is not generally regarded in equity as owing to its parent an obligation of support,*[22] the law does not cast upon it the evidentiary onus imposed on Boatright below.

The nisi prius decree cannot stand. The defendants were *not* afforded the opportunity

**15.** *Childers, supra* note 5, 213 P.2d at 567; *Exchange Bank of Perry v. Nichols,* 196 Okl. 283, 164 P.2d 867, 872–73 (1946); *Indian Trust, supra* note 5, 162 P. at 822.

**16.** For a discussion of the obligation borne by the party who seeks to overcome the presumption of resulting trust, see RESTATEMENT (SECOND) OF TRUSTS § 441.

**17.** *Exchange Bank, supra* note 15, 164 P.2d at 874.

**18.** When a child pays the purchase price for real property and the realty is taken in the name of a parent, there is *no* presumption of a gift. *See* section III above.

**19.** *Leck v. Leck,* Okl., 800 P.2d 249, 250 (1990); *Snow, supra* note 3 at 681 n. 4.

**20.** *Malnar v. Whitfield,* Okl., 708 P.2d 1093, 1095 (1985).

**21.** For the text of § 137, see *supra* note 11.

**22.** *See* explanatory text in part III of the opinion.

to adduce proof in defense against the claim. This cause must hence be remanded with directions to grant a new trial. On certiorari previously granted,

THE COURT OF APPEALS' OPINION IS VACATED, THE NISI PRIUS DE-CREE FOR THE DEFENDANTS RE-VERSED, AND THE CAUSE RE-MANDED WITH DIRECTIONS TO PROCEED IN A MANNER NOT IN-CONSISTENT WITH TODAY'S PRO-NOUNCEMENT.

ALMA WILSON, C.J., KAUGER, V.C.J., and OPALA, SUMMERS, and WATT, JJ., concur.

SIMMS, J., concurs in result.

HODGES, LAVENDER, and HARGRAVE, JJ., dissent.