## COURTS et al. v. ALDRIDGE.

No. 29932.   Dec. 16, 1941.

*120 P. 2d 362.*

L. C. Tirey, of Quinton, for plaintiffs in error.

E. O. Clark, of Stigler, for defendant in error.

HURST, J.   This is an action between a widow and her stepchildren. Plaintiff, Hattie Lou Aldridge, is the widow of C. J. Aldridge, deceased. Plaintiff and Aldridge were married on March 8, 1922, and lived together as wife and husband until his death on June 28, 1935. At the time of the marriage plaintiff had two small children by a former marriage, and Aldridge had nine adult children by a former marriage, the defendants herein. Aldridge was much older than plaintiff. He owned a house and some lots in the town of Quinton and 397.67 acres of farm land in Haskell county, near Quinton. He also owned some personal property and livestock. On February 14, 1922, after the engagement but 22 days before the marriage, Aldridge executed and delivered to Alice Courts, his daughter, two deeds purporting to convey all his real estate to her. The deeds were absolute in form. They were not recorded until February, 1926. After the execution of the deeds, Aldridge continued in possession of the property, collected all the income therefrom, consisting of agricultural rentals and gas royalties, rented portions of the land, listed the property for taxation in his own name, paid all the taxes taking the receipts in his own name, paid all the interest on the mortgages, signed several documents asserting ownership, offered to sell a portion of the land, applied for a loan on part of it, and otherwise used it and dealt with it as an owner until his death. The only acts of ownership performed by Mrs. Courts were the execution of a renewal mortgage, the execution of an extension agreement on another mortgage, and the making of an assignment of the gas rentals to her father when the lessee discovered that title had been transferred to her.

Plaintiff commenced this action on August 28, 1935, less than three months after the death of Aldridge, to cancel said conveyances and to establish her one-tenth interest as an heir in said real property and to establish her homestead rights. She alleged, in addition to most of the facts above recited, that she had no knowledge of the existence of said

deeds until after the death of Aldridge; that said deeds were voluntary conveyances executed with the fraudulent intent to defeat plaintiff of her rights of homestead and succession upon the death of Aldridge, and did not in fact vest present title in Alice Courts, but were fictitious and illusory conveyances, and that the ownership of the property was retained by Aldridge during his life, so that upon his death it became a part of his estate.

The defendants answered denying that said deeds were fraudulent and void, and alleging that plaintiff is estopped to maintain this action, and that the same is barred by limitations because plaintiff had knowledge of the execution and delivery of said deeds prior to the marriage and at all times subsequent thereto. They also alleged that the deeds were executed and delivered to Alice Courts as a trustee for the use and benefit of herself and the other eight children of Aldridge, and that Alice Courts orally agreed to such trust at the time the deeds were delivered, and agreed to convey to each of the other eight children an undivided one-ninth interest in the property after the mortgages thereon were paid off.

The cause was tried before District Judge Ben Bellew, who died prior to entry of judgment. His successor, Judge Hall, by agreement of the parties, decided the case on the transcript of the evidence taken before Judge Bellew, and made extensive findings of facts and conclusions of law. The court found and decreed, in addition to the facts above recited, that the deeds were executed voluntarily and without consideration, and without the knowledge or consent of plaintiff; that she had no notice of the existence or recordation of said deeds until after the death of Aldridge, and that she had not ratified or approved them; that the deeds were mere devices and contrivances by which Aldridge, not intending to part with control over said property during his life, but retaining full benefit of the property until the last hour of his life, and at the same time intending to deprive plaintiff of all interest as widow and heir; that the deeds were not absolute and bona fide, were merely colorable and illusory, were void and ineffective, and that Aldridge died seized of the property. The court accordingly entered judgment for plaintiff establishing her one-tenth interest as an heir and decreeing that a certain described 160 acres of said property was the homestead and that plaintiff was entitled to occupy it as such. Defendants appeal.

1. Defendants first contend that under section 1654, O. S. 1931, 32 O.S.A. § 4, the plaintiff had no vested rights in her husband's property prior to his death, and that he could sell and dispose of his separate property at any time without plaintiff's consent, and that therefore as to her the transfer was valid. To support this contention they rely upon Farrell v. Puthoff, 13 Okla. 159, 74 P. 96, Garrison v. Spencer, 58 Okla. 442, 160 P. 493, and York v. Trigg, 87 Okla. 214, 209 P. 417. These cases correctly hold that a conveyance of the separate property of the husband, if made with the good faith intention of vesting title in the grantee and accompanied by delivery of the property to the grantee, is valid as against the wife.

The evidence justified the finding of the trial court that Aldridge did not intend by the conveyances to Alice Courts to divest himself of the ownership, control, and enjoyment of the property.

"A resulting trust arises where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case a trust is implied or results in favor of the grantor whom equity deems to be the real owner." Warren v. Dodrill, 173 Okla. 634, 49 P. 2d 137.

See, also, Maynard v. Taylor, 185 Okla. 268, 91 P. 2d 649; Trimble v. Boles, 169 Okla. 228, 36 P. 2d 861; Crane v. Owens, 180 Okla. 452, 69 P. 2d 654; J. I. Case Threshing Machine Co. v. Walton Trust Co., 39 Okla. 748, 136 P. 769; Pomeroy, Equity Jurisprudence

(4th Ed.) § 1031; 65 C. J. 363; Restatement, Trusts § 404.

Mrs. Courts held the naked legal title to the property of Aldridge in trust for him during his life, and upon his death intestate the property descended to his heirs. Seran v. Davis, 174 Okla. 433, 50 P. 2d 662; Shackleford v. Elliott, 209 Ill. 333, 70 N. E. 745; Tyndall v. Tyndall, 186 N. C. 272, 119 S. E. 354; South v. Pinion, 207 Ala. 122, 92 So. 420; Estelle v. Hart (Com. of App. of Tex.) 55 S. W. 2d 510; 26 C.J.S. 1008; 9 R.C.L. 65; Bogert, Trusts and Trustees, § 454; Restatement, Trusts, § 407.

We therefore hold that the finding of the trial court that the equitable ownership of the property described in the deeds was vested in Aldridge at the time of his death, and that the plaintiff was entitled to her interest and rights therein as his heir and surviving widow, is not clearly against the weight of the evidence or contrary to law.

2. The widow claims an interest in the property as an heir. Such interest did not vest in her until the death of Aldridge. McMahon v. Foley, 188 Okla. 552, 111 P. 2d 1076; York v. Trigg, above. Since this action was commenced within three months after his death, there is no merit in the contention that the action is barred by the statute of limitations, section 101, O. S. 1931, 12 O.S.A. § 95.

3. Defendants finally contend that the trial court permitted plaintiff to select a part of the farm land as a homestead while the evidence showed that the home of the family was in the town of Quinton. The evidence upon this phase of the case was conflicting. The strongest circumstances tending to prove that the Quinton property was the home was that plaintiff and her husband were registered as voters in Quinton, which is in Pittsburg county, while the farm is located in Haskell county, and the further fact that plaintiff filed administration proceedings on her husband's estate in Pittsburg county. Against this was the evidence of plaintiff and other witnesses that the home was on the farm; that for four years after they married the plaintiff and Aldridge resided on the farm; that they moved to town to send her children to high school; that they later moved back to the farm and lived there for a year; that two years before the husband's death, due to his poor health, they moved back to town so that he could be more accessible to his physician; and that shortly before the husband's death they were considering the erection of a better house on the farm. The court was justified in finding that the farm was the homestead and that it had not been abandoned as such. Marathon Oil Co. v. Western Oil & Drilling Co., 185 Okla. 53, 89 P. 2d 939; 29 C. J. 941, 964; 26 Am. Jur. 120 § 194. The finding of the trial court as to the homestead was not clearly against the weight of the evidence.

Affirmed.

CORN, V. C. J., and RILEY, OSBORN, GIBSON, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and BAYLESS, J., absent.