MARÍA JOSEFA SANTONI Y SUÁREZ ET AL., Plaintiffs and Appellees, *v.* G. LLINÁS & Co., *S. en C.,* Defendant and Appellant.

No. 8825. Argued December 10, 1943.—Decided March 6, 1944.

*Luis López de Victoria* for appellant. *José Sabater* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

 The spouses, Gorgonio Yunqué Sepúlveda and María Josefa Santoni, lived for about thirty years in a house belonging to them in the town of Sabana Grande. With the exception of their eldest daughter, the other children of the marriage were born in that house and lived in it until the whole family, except the husband, moved to Río Piedras temporarily to educate the children, with the intention of returning to their home after the children had finished school. While the family lived at Río Piedras, the house was rented as a hotel, but the husband continued to live in one of the rooms and made occasional trips to his family at Río Piedras. During their stay at Río Piedras, Gorgonio Yunqué, in his

own behalf and as attorney in fact of his wife, executed a mortgage on the house, on August 10, 1929, in favor of the firm G. Llinás & Co., *S. en C.*, to secure the sum of $5,883.81 which he admitted owing to the firm. In the mortgage deed he stated that, in his own behalf and as attorney in fact of his wife, they had no right of homestead on the house, and if they had any, the same was expressly waived. It seems advisable to add here that the power of attorney executed by María Josefa Santoni in favor of her husband did not authorized the agent to waive their homestead right, and this is admitted by counsel for appellant. Since the debt remained outstanding, the creditor instituted judicial proceedings to collect the same, and on March 12, 1940, the house was adjudicated to it for the sum of $3,500. The marshal did not deposit in the clerk's office of the district court the $500, amount of the homestead, which, as we shall see, is claimed by the debtors, nor did they ask for the delivery of said sum. But on April 11, 1940, they filed in the municipal court an action claiming their homestead right. The lower court, on appeal, rendered judgment sustaining the complaint and from this judgment the present appeal has been taken.

The defendant-appellant alleges that the district court erred in holding that, according to the stated facts, the plaintiffs-appellees had a right of homestead in the house in question. In view of the attendant circumstances, we have no doubt that at the time of the execution of the mortgage and thereafter, Mr. Gorgonio Yunqué and his family had established their homestead on said house. The fact that the family moved its residence to another town does not defeat the homestead right where, as in the present case, they moved temporarily with the intent of returning to their home once they had accomplished the motive which caused the change of residence. *Courts* v. *Aldridge,* 120 P. (2d) 362, 365; *Farmers' State Bank of Belvue* v. *Weeks,* 26 P.

(2d) 262; *Grotberg* v. *First Nat. Bank,* 210 N. W. 21. *Cf. Miró* v. *F. Carrera & Hno.,* 42 P.R.R. 172.

█ The prevailing statute at the time that the mortgage was executed allowed the waiver of the homestead right, but said waiver would be valid only if it were made expressly and with the consent of both spouses. Section 3 of the Act to define homestead, approved March 12, 1903; *López* v. *López,* 48 P.R.R. 315; *Quiñones* v. *Rodríguez,* 58 P.R.R. 219.

█ We have already stated that in the case at bar the wife did not consent to the waiver of the homestead, since the power of attorney which she gave to her husband to execute the mortgage did not authorize him to make such waiver. The fact that the husband may be estopped to claim the homestead right does not prejudice the wife's right to demand it, since that would be tantamount to authorizing the conveyance of the homestead without the consent of the wife.

For the reasons stated the judgment appealed from must be affirmed.