Riley GOODWIN and Aleen Love Goodwin, Husband and Wife, Plaintiffs in Error,

v.

Ollie L. BEARD, Jr., Defendant in Error.

No. 41171.

Supreme Court of Oklahoma.

Sept. 19, 1967.

Wallace & Bickford, by Wilson Wallace, Ardmore, for plaintiffs in error.

Alan B. McPheron, Durant, for defendant in error.

BERRY, Justice.

This is an appeal from a judgment quieting title of plaintiff, Ollie L. Beard, Jr., to an undivided ½th mineral interest in and under a described 280 acres of land in Section 16, Township 6 South, Range 4 East, Marshall County, Oklahoma. Involved for

determination is the question of the correctness of the trial court's finding that a constructive trust by parol evidence had been established in plaintiff's favor. The matters hereafter summarized disclose the factual background out of which the action arose.

The mineral interests involved, owned jointly by Naomi Jean Williford Romano and her husband, and Sam F. Williford and his wife, were offered for sale at a judicial sale, subject to the county court's approval. An initial bid of $25.00 per acre had been made by Wayne Beard. At a sale conducted by an attorney (Miller) representing the vendors the property was purchased (November 10, 1960) by defendant, Riley Goodwin, for $25.50 per acre. Plaintiff alleged, and testified at the trial, that purchase of the minerals had been discussed with defendant, and an oral agreement made to bid the minerals in together in defendant's name. Plaintiff was to bear $25/40$ths of the purchase price, attorney's fee and necessary costs and defendant was to pay $15/40$ths. After the sale plaintiff offered a check in payment of his pro rata portion, but defendant left the court house without accepting same, and the check was left with the attorney. The court approved deed was taken in the name of both defendants, husband and wife. Thereafter defendants denied existence of any agreement respecting purchase of the minerals and refused to convey any interest to plaintiff.

Plaintiff eventually brought this action alleging the facts of the entire transaction, purchase by defendant at the sale as agent for plaintiff, and that such interest was purchased and held in trust by defendant, who denied and disputed plaintiff's ownership and refused to convey in compliance with the agreement. Plaintiff further alleged tender of his proportionate share of expenditures involved. The petition reiterated the tender and offer to do equity, alleged any interest of defendant, Aleen Love Goodwin was junior and inferior and acquired with knowledge of plaintiff's interest. The petition asked that plaintiff be decreed to be legal, actual and equitable owner of an undivided 25 acre interest; that defendant be decreed to hold such interest in trust for plaintiff and that his title therein be quieted.

Demurrer to the petition was overruled and defendants answered admitting purchase of the undivided mineral interest, but specifically denying existence of any agreement with plaintiff, either oral or written, relating to purchase of any interest for, or on behalf of plaintiff. The issues were completed by plaintiff's reply in form of general denial and demand for strict proof of the allegations of defendants' answer.

Plaintiff's evidence was that Goodwin was interested in buying the minerals equally, which was not acceptable to plaintiff, who already owned a 20 acre interest, which was the reason the original bid was made in Wayne Beard's name. The agreement was made to bid in the name of defendant, upon the basis of $25/40$ths for plaintiff and $15/40$ths to defendant, all costs and expenses to be borne in the same proportion. Defendant offered the high bid ($25.50) and paid the purchase price by check. Plaintiff offered a check for his part which defendant refused at the time because in a hurry to attend a sale in another county. Following the sale the attorney was in the county clerk's office preparing the deed. Both parties went to the office and plaintiff advised the attorney the minerals were to be proportionately divided, and the attorney wrote this information upon his case file. Plaintiff gave the attorney his check payable to defendant, in an amount ($724.38) sufficient to cover his share of the minerals, attorney's fee and costs.

The attorney who handled the sale corroborated plaintiff's testimony as to his being the original bidder, the parties coming to the clerk's office, plaintiff's delivery of the check covering his $25/40$ths share, and having made notation on his office file as to the proportion each had purchased in response

to plaintiff's advice. Plaintiff gave the attorney this information in defendant's presence, including the statement that defendant had to leave and plaintiff wanted this understood in the event anything happened to defendant. The attorney advised defendant of having plaintiff's check but defendant refused to accept the check and it remained in the attorney's files until the trial. While the deed and papers were being prepared defendant inquired whether his wife's name could be placed in the deed, to which the attorney agreed. Demurrer to plaintiff's evidence was overruled by the court.

Defendant testified he paid the grantors the amount of the bid, and in addition gave the attorney a check covering the attorney's fee and costs of the sale. Defendant denied having any agreement with plaintiff concerning the bidding prior to the sale, or that there was any prior agreement that he was buying the minerals in trust and would convey any part thereof if successful in the bidding. The defendant denied hearing any statement by plaintiff in his presence wherein plaintiff told the attorney about any agreement, as testified to by plaintiff and the attorney handling the matter. Defendant admitted having seen the check plaintiff left in the attorney's office, but testified he was advised this was to pay for part of the minerals plaintiff wished to buy. Defendant also admitted having discussed bidding upon the minerals with plaintiff before the sale, and that plaintiff had made the original bid. Demurrer to the evidence, renewed by defendant at the close of all the evidence, was overrruled.

The trial court entered judgment finding that at all times involved defendant Goodwin was acting as plaintiff's agent for purchase of the mineral interest, pursuant to an oral agreement entered into prior to approval of the deed; that plaintiff was the owner of an undivided ⅝ths interest and the defendants were owners of the remaining ⅜ths, subject to plaintiff's payment of the pro rata portion of the total costs; that plaintiff was the owner of the legal and equitable title in the property claimed, title to which was quieted in plaintiff against all claims of defendants, and that defendants should execute a mineral deed covering the interest determined to be owned by plaintiff.

In appealing from this judgment defendants assert the basic proposition involves the error from overruling defendants' demurrers to the evidence. The general argument advanced as grounds for reversal embodies two contentions, which shall be discussed separately.

The first claim is that all the evidence showed plaintiff was attempting an oral contract for sale of the mineral interest. Because such contract concerned an interest in real property and was not in writing, defendants insist same was violative of the statute of frauds, 15 O.S. 1961, § 136, and particularly subdivision 5:

"An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

Defendants argue that plaintiff was permitted to testify, over defendants' objections, concerning the alleged oral agreement, and that this admitted evidence was incompetent under terms of the statute, supra. Generally it is true that parol evidence is inadmissible to establish any element of a contract required by the statute of frauds to be in writing. Anderson v. Garrison, Okl., 402 P.2d 873. However, it is settled that the statute of frauds does not preclude establishment of a constructive trust by parol evidence. Teuscher v. Gragg, 136 Okl. 129, 276 P. 753, 66 A.L.R. 143, and authorities therein cited. This for the reason that constructive trusts arise entirely by implication of law, and irrespective of contract. Such trusts are established by Equity, in order to prevent one person from securing unfair or unjust advantage of another, where this has been made possible by

reason of the relationship in which that person has been placed by the other, or by some fiduciary relation. Rollow v. Taylor, 104 Okl. 275, 231 P. 224; Powell v. Chastain, Okl., 318 P.2d 859; Peyton v. McCaslin, Okl., 417 P.2d 316; 54 Am.Jur., Trusts §§ 218, 611; Raper v. Thorn, 202 Okl. 235, 211 P.2d 1007, 14 A.L.R.2d 1260.

▇ The present action was initiated as a suit to establish a constructive trust based upon an alleged oral agreement. Existence of the agreement was denied under oath. The evidence relating to creation and existence of the agreement out of which the trust stemmed has been mentioned. The parol evidence concerning these matters was admissible, subject only to the limitation expressed in Teuscher, supra, requiring the evidence of establishment of the trust to be clear, unequivocal and convincing.

The second contention is that even if the allegation and supporting evidence of a trust, viewed in a light most favorable to plaintiff, is construed as establishing an oral contract, it was a contract to create an express trust and invalid under 60 O.S. 1961, § 136, the statute of uses and trusts. Defendants rely upon Oliphant v. Rogers, 186 Okl. 70, 95 P.2d 887, and Abraham v. McSoud, 188 Okl. 409, 109 P.2d 822, holding that an express trust resting in parol is invalid.

Upon this premise defendants insist the only means by which the present case escapes application of the statute of frauds would be as a resulting trust. But, to obtain this result defendant asserts that a prerequisite was plaintiff's payment of at least part of the purchase price prior to the sale. From the argument noted, defendants conclude that plaintiff's failure to pay part of the consideration for the mineral interest precludes a trust arising in his favor.

Resulting trusts and constructive trusts are considered to be thoroughly distinguishable. Both types are considered remedial as against the wrongful taker and holder of property. The practical distinction is said to rest primarily upon the doctrine of valuable consideration and not upon legal title in the case of a resulting trust; whereas a constructive trust primarily involves presence of fraud, by reason of which the equitable title should be recognized to be in one other than the legal title holder. See 54 Am.Jur., Trusts §§ 188, 218; Teuscher v. Gragg, supra.

▇ The limitation upon finding existence of a constructive trust requires that this be by clear and unequivocal evidence. In Teuscher, supra, this was the third element stated as a requisite to establishing the fact of the trust. As respects the quality of evidence upon which the trial court based this judgment, certain items of the evidence are particularly noteworthy. Although plaintiff had made the initial bid and defendant knew this, the sale was made upon a bid only $20.00 over plaintiff's bid. The day such sale was made, and approved by the court, plaintiff drew a check in defendant's favor for the exact amount required to discharge his pro rata part of the purchase price. This check was left with the attorney handling the sale, who was advised of the nature of the transaction in defendant's presence, and made written notes of these details. All of these matters were disclosed during the trial. Undoubtedly this weighed more heavily with the trial court than defendant's testimony that there was no agreement with plaintiff concerning the minerals, and the only discussion concerned plaintiff's request to purchase a portion, which defendant refused. The evidence clearly supporting plaintiff's claim of the constructive trust was clear, unequivocal and convincing.

Judgment affirmed.

All Justices concur.