Norris N. IRVIN, Individually and as Administrator of the Estate of Nellie Mae Thompson Irvin, Deceased, Plaintiff in Error,

v.

Maggie THOMPSON, Charles Thompson and Maudie Firebaugh, Defendants in Error.

No. 42597.

Court of Appeals of Oklahoma.

Division No. 90.

Dec. 23, 1969.

Rodgers & Gurley, Blackwell, Montgomery & Curtis, Fairview, for plaintiff in error.

Houk & Houk, Fairview, Mitchell, Mitchell, DeClerck & Cox, Enid, for defendants in error.

HARRIS, Judge.

This is an appeal from judgment of the trial court sustaining motion of defendants to strike certain paragraphs from the Amended Petition. The parties will be referred to as they appeared in the trial court.

Plaintiff filed Amended Petition seeking cancellation of deeds, alleging that he is the surviving husband of Nellie Mae

Thompson Irvin, who died August 31, 1964, and the administrator of the estate of Nellie Mae Thompson Irvin, deceased. Plaintiff further alleged that at the time of his marriage to the deceased, on December 9, 1951, she was the owner of a certain undivided interest in certain described real estate in Major County, Oklahoma; that the parties lived together as husband and wife for approximately thirteen years, and that during the lifetime of said deceased "she had or acquired substantial accounts in the Fairview Savings and Loan Association and the Watonga Savings and Loan Association". Further, the Amended Petition alleged that on December 13, 1962, Nellie Mae Thompson Irvin executed deeds purporting to convey all of her interest in said real estate to the defendants, and that the accounts in the Savings and Loan Associations were "changed" to survivorship accounts with one or more of the defendants. The Amended Petition further alleged the conveyances and change of accounts were without consideration, fraudulent, secretly made for the purpose of defeating the rights of succession to the lawful heirs of Nellie Mae Thompson Irvin, and were illusory transfers. Finally, the Amended Petition alleged Nellie Mae Thompson Irvin retained ownership and control of the real estate and savings and loan accounts during her lifetime, and that the equitable title in and to the real and personal property remained vested in Nellie Mae Thompson Irvin throughout her lifetime.

Defendants filed motion to strike paragraphs numbered 3 through 10 of the plaintiff's Amended Petition, which motion was sustained by the trial court, exception allowed, and the plaintiff appeals.

The action of the Court in striking paragraphs numbered 3 through 10 of the Amended Petition removed the gist of the lawsuit and must therefore be considered in the nature of sustaining a demurrer to the Amended Petition, because without the stricken paragraphs the Amended Petition is left with nothing but the introduction and the prayer.

While the defendants may have successfully complained of certain redundant matters in the Amended Petition, we think the Amended Petition should be examined to determine whether it stated a cause of action.

The plaintiff alleged that the real estate was owned by Nellie Mae Thompson at the time of her marriage to plaintiff. Defendants argue this constituted separate property of the wife, in which the husband had no interest. 32 O.S.1961, sec. 4. However, the Amended Petition alleged, in paragraph 9, that Nellie Mae Thompson Irvin did not divest herself of actual ownership, but retained complete control, use and enjoyment of the real estate and personal property, and enjoyed the rental income during her lifetime. If that be true, then the conveyances of the real estate may not have been absolute, but may have been merely colorable title and illusory. Courts v. Aldridge, 190 Okl. 29, 120 P.2d 362. We make no decision with respect to the merits of plaintiff's Amended Petition. We are only concerned with whether it states a cause of action, and conclude that it does so.

We are of the opinion the questions raised in the plaintiff's Amended Petition could not have been adjudicated by the trial court without hearing evidence. Therefore, we are of the opinion the Court erred in sustaining the motion to strike from plaintiff's Amended Petition, thus having the effect of sustaining a demurrer.

The judgment of the trial court is therefore reversed, with directions to overrule motion to strike from plaintiff's Amended Petition insofar as the allegations discussed herein are concerned.

BERRY, P. J., and MILLS, J., concur.