Lonnie K. CACY and William H. Cacy, Appellants,

v.

Gladys CACY, Wayne Phillips, Leon C. Phillips, Ara Jane Phillips O'Hara, Euel Bradley, Willard J. Bradley, Paul J. Bradley, Jimmy Bradley, Johnny Bradley, Marvin Bradley, Pauline Bradley Yeager, Glen L. Phillips, Denver Eugene Phillips and Lindsey P. Phillips, Appellees.

No. 52317.

Supreme Court of Oklahoma.

Sept. 23, 1980.

Rehearing Denied Nov. 17, 1980.

Wallace, Bickford & Pasley by Harry L. Bickford, Ardmore, for appellants.

Dick Bell, Frank Seay, Edwards & Wrigley by W. B. Edwards, Seminole, for appellees, Gladys Cacy, Wayne Phillips, Leon C. Phillips, Ara Jane Phillips O'Hara, Euel Bradley, Willard J. Bradley, Pauline Bradley Yeager, Paul J. Bradley, Jimmy Bradley, Johnny Bradley and Marvin Bradley.

Fogg, Fogg & Howard by Richard M. Fogg, El Reno, for appellees, Glen L. Phillips, Denver Eugene Phillips, and Lindsey P. Phillips.

HODGES, Justice.

The issue presented on certiorari is whether the first amended petition of the appellants, Lonnie K. Cacy and William H. Cacy, stated a cause of action. The appellants sought to impose a resulting or constructive trust on property in which legal title was vested in their stepfather, J. R. Phillips.

J. R. Phillips married Ola Cacy. Ola had two sons, Lonnie K. and William H. Ola and J. R. held all the property involved in this litigation in joint tenancy, with rights of survivorship. Ola died in 1970, and the property vested in J. R. He married Clara Phillips in 1971, and in the same year executed a will leaving some property to Gladys Cacy, his stepdaughter–in–law, with the remainder devised to his wife, Clara. Clara predeceased J. R. He did not execute a new will.

The appellees assert that, pursuant to 84 O.S.1971 §§ 211, 213, they are entitled to the property which was not devised to Gladys Cacy. The sons of Ola Phillips assert that it was the intention of Ola and J. R. that all of the property would be devised to them and Gladys at the death of the survivor; and that the property is imposed with a constructive or resulting trust.

The appellees demurred to the first amended petition of appellants. The demurrer was sustained by the district court. The Court of Appeals reversed the trial court, and held that the petition of appellants stated a cause of action based on either a constructive or resulting trust.

The appellees petitioned for certiorari which was granted.

## I

■ A constructive or resulting trust arises entirely by implication of law, irrespective of contract. Although the Statute of Frauds does not preclude the establishment of such trusts by parol evidence,[1] it is difficult to prove their existence. Evidence must be clear, unequivocal and decisive beyond a reasonable doubt. A mere preponderance of the evidence is not sufficient. Evidence of the most satisfactory kind must be produced by the party seeking to establish the trust.[2]

■ Although constructive and resulting trusts are each remedial because they prevent the wrongful taking and holding of the property, these trusts are distinguishable. The distinction in the case of a resulting trust lies upon the doctrine of valuable consideration and not upon legal title. A constructive trust primarily involves the presence of fraud, which requires that the equitable title be recognized in one other than the legal title holder.[3]

## II

■ The primary reason for imposing a constructive trust is to avoid unjust enrichment.[4] A constructive trust is an involuntary or implied trust by operation of law. It is imposed against one who by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.[5] One obtaining legal title to property by fraud or by violation of a confidence or fiduciary relationship, or in any unconscionable manner, can not equitably retain title.[6]

■ A review of this case does not reveal the presence of fraud or duress, nor do the appellants allege that any type of unconscionable conduct existed. The Court of Appeals erred in holding appellants have stated a cause of action based on a constructive trust.

## III

■ Resulting trusts arise where the legal estate in property is disposed of or acquired, not fraudulently or in violation of any fiduciary duty, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner.[7] Intention and consideration are essential elements of a resulting trust. Intent can be actual, or implied from the nature of the transaction and the facts sur-

1. *Presgrove v. Robbins*, 451 P.2d 961, 962 (Okl. 1969); *Goodwin v. Beard*, 434 P.2d 192, 196 (Okl.1967); *Rockett v. Ford*, 326 P.2d 787 (Okl. 1958); See also Annot., "Grantee's Oral Promise To Grantor As Giving Rise To Trust," 159 A.L.R. 997 (1945).

2. *State of Ohio v. Four Seasons Nursing Homes*, 465 F.2d 25 (10th Cir. 1972); *Regal v. Riegel*, 463 P.2d 680 (Okl.1970); *Presgrove v. Robbins*, 451 P.2d 961, 962 (Okl.1969); *Goodwin v. Beard*, 434 P.2d 192, 196 (Okl.1967); *Perdue v. Hartman*, 408 P.2d 293, 294 (Okl. 1965).

3. *Goodwin v. Beard*, 434 P.2d 192 (Okl.1967).

4. *G & M Motor Co. v. Thompson*, 567 P.2d 80 (Okl.1977).

5. *Goldsby v. Juricek*, 403 P.2d 454 (Okl.1965); *Davis v. National Bank of Tulsa*, 353 P.2d 482 (Okl.1960).

6. *Guarantee Life Insurance Co. v. Hardin*, 404 F.Supp. 961 (Okl.1974); *Morris v. Leverett*, 434 P.2d 912 (Okl.1967); *Peyton v. McCaslin*, 417 P.2d 316 (Okl.1966); *Powell v. Chastain*, 318 P.2d 859 (Okl.1957); *McCaleb v. McKinley*, 80 Okl. 38, 194 P. 105 (1920).

7. *Wadsworth v. Courtney*, 393 P.2d 530 (Okl. 1964); *Barry v. Frizzell*, 371 P.2d 460 (Okl. 1962).

rounding it. Proof of fraud is not necessary to establish a resulting trust.[8]

 There is no ambiguity in the written documents. The will of J. R. Phillips clearly denominated Gladys Cacy and Clara Phillips as devisees. The disposition of the property in question raises no hint or inference that the appellants were the real, intended owners. No assumption can be drawn from the appellants' amended petition that it was the intent of J. R. Phillips not to devise beneficial interest in this property with the legal interest. The petition states that J. R. and Ola Phillips were the owners of the property in joint tenancy with right of survivorship. When Ola died, J. R. became the sole owner, and he was completely free to devise the property to Clara Phillips and Gladys Cacy. The allegations in the petition do not support the finding by the Court of Appeals that a resulting trust in this property exists in favor of appellants.

CERTIORARI GRANTED; DECISION OF COURT OF APPEALS VACATED; TRIAL COURT AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and BARNES, HARGRAVE and OPALA, JJ., concur.

SIMMS, J., concurs in result.

WILLIAMS and DOOLIN, JJ., dissent.

8. *Jones v. Jones*, 459 P.2d 603 (Okl.1969); *Kunze v. Wilkerson*, 426 P.2d 340 (Okl.1967); *Perdue v. Hartman*, 408 P.2d 293 (Okl.1965).