1997 OK 76

Marshall BURKES, individually, and as Trustee of the Marshall Burkes Trust, Appellant,

v.

The ESTATE OF Marie BURKES; Laveta N. Lutomski, individually, and as Trustee of the Laveta N. Lutomski Trust; Robert L. Burkes, individually, and as Trustee of the Bob L. Burkes Trust; Frank Nichols, Jr., Trustee of the Jana Beth Nichols Trust; Jana Beth Nichols, individually; Emma Jean Spies, individually, and as Trustee of the Emma Jean Spies Trust; and The State of Oklahoma, ex rel. The Oklahoma Tax Commission, Appellees.

No. 87514.

Supreme Court of Oklahoma.

June 17, 1997.

Richard L. Allen, Chichasha, for Appellant.

William F. Pain, Norman, for Appellees Spies, Spies Trust, Nichols and Nichols Trust.

WATT, Justice.

¶1 Appellant, Marshall Burkes, is the son of Marie Burkes, deceased. Appellees include Marie Burkes's estate, all her living children, other than Marshall Burkes, and the child of another of Mrs. Burkes's children who predeceased her. Marshall Burkes sued his mother's estate and his siblings to cancel deeds to a great deal of property his mother had conveyed to her children, other than Marshall Burkes.

## FACTS AND PROCEDURAL BACKGROUND

¶2 There is no disagreement among the parties concerning the facts relevant to this appeal. In 1988 Marie Burkes owned more than two-thirds of the stock in a family ranching corporation. Marie Burkes's children owned the remaining shares equally. After Mrs. Burkes's husband died in 1979, she was regularly and involuntarily involved in disagreements among her children as to how the ranching operation should be managed. On December 29, 1988, in an attempt to avoid continued involvement in her children's disputes, Mrs. Burkes dissolved the corporation and conveyed a portion of its assets to her children in percentages reflecting the children's stock ownership—a total of about thirty per-cent, divided equally among six grantees.

¶3 Marshall Burkes commenced an action in the District Court of Grady County to appoint a conservator or limited guardian over the property and person of Marie Burkes on December 12, 1988. While the district court did appoint a limited guardian for Mrs. Burkes, it found her competent to vote, serve on a jury, make personal medical decisions, and make gifts of property. On February 27, 1990 the Court of Civil Appeals reversed the district court's judgment on the ground that the conclusion that Mrs. Burkes was impaired was "clearly against the weight of the evidence and contrary to law." Mandate issued on the appeal on May 31, 1990.

¶4 In April 1989, Mrs. Burkes conveyed a great deal of property in Grady, Logan, Stephens, Garvin, and Lincoln counties to her children, excluding Marshall Burkes. Marie Burkes made the conveyances after the district court's order appointing a guardian but before the Court of Civil Appeals issued its opinion holding that the evidence did not support a finding that Mrs. Burkes was impaired. Marshall Burkes was aware of these conveyances at or near the time they were made. Marie Burkes died on January 15, 1995.

¶5 Marshall Burkes filed the action from which this appeal arises on May 8, 1995. In it he sought to cancel the deeds Marie Burkes executed in April 1989 because, he claimed, the deeds Mrs. Burkes executed were procured by fraud and undue influence by his sisters, Emma Jean Spies and Laveta Lutomski. Marshall Burkes also claimed that Mrs. Burkes lacked the capacity to understand the significance of the conveyances. The trial court granted the defendants' motion for summary judgment against Marshall Burkes on the ground that his claims were barred by the doctrine of collateral estoppel, now commonly called issue preclusion. The trial court also quieted the grantees titles to the property Marie Burkes had conveyed to them.

¶6 Marshall Burkes appealed both from the trial court's order granting defendants' motion for summary judgment, and from the trial court's failure to rule on Marshall Burkes's motion for summary judgment. In his motion for summary judgment Marshall Burkes claimed that Marie Burkes's conveyances were void because they were made before the trial court's order in the guardianship matter had been reversed by the Court of Civil Appeals. In their motion for summary judgment, and their response to Marshall Burkes's petition in error, defendants

also had claimed that their motion for summary judgment should be granted because the statute of limitations barred Marshall Burkes's claims.

## ISSUES

¶ 7  I.  Is Marshall Burkes's claim that the deeds should be canceled because of Marie Burkes's lack of capacity barred by the doctrine of issue preclusion?

II.  Is Marshall Burkes's claim that the deeds were procured by fraud and undue influence barred by the applicable statutes of limitations?

III.  Were the deeds void because they were made before the Court of Civil Appeals reversed the trial court in the guardianship matter?

We answer "yes" to Issues I and II, and "no" to Issue III.

## DISCUSSION

### I.

■ ¶ 8  The issue here turns on the effect of the Court of Civil Appeals's holding in the guardianship matter. Did the Court of Civil Appeals's holding that Marie Burkes was not an impaired person make proper the trial court's decision to grant defendants' motion for summary judgment because Marshall Burkes could not prevail as a matter of law? On appeal of the guardianship proceeding, the Oklahoma Court of Civil Appeals held there was insufficient evidence to support a finding that Marie Burkes was an impaired person. The Court of Civil Appeals based its conclusion on the record made at a hearing held by the trial court in the guardianship proceeding on January 11, 1989. Even the trial court in the guardianship proceeding, which had ruled that Mrs. Burkes was partially impaired, found that she was capable of voting, performing jury duty, and making gifts of property. For the reasons discussed in the balance of this part of our opinion we hold that the trial court correctly granted the defendants' motion for summary judgment.

¶ 9  The effect of the Court of Civil Appeals' opinion in the guardianship matter was to establish that Marie Burkes was neither physically nor mentally impaired on January 11, 1989. Marshall Burkes was bound by the Court of Civil Appeals' determination because the judgment ordered by the Court of Civil Appeals precluded his relitigation of that issue. *Veiser v. Armstrong*, 688 P.2d 796, 800 (Okla.1984). In *Veiser* we held that where an issue has been "fully and fairly" litigated in an action a party to that action may not relitigate the issue in a later action, although the second action differs procedurally from the first.

¶ 10  Marshall Burkes was bound by the prior judicial determination that Marie Burkes was not an impaired person on January 11, 1989. He made no factual showing in his response to defendants' motion for summary judgment to demonstrate that there had been any significant change in Marie Burkes's condition between January 11, 1989, the date of the guardianship hearing and April 1989, when she made the conveyances to her other children. Marshall Burkes's position, set forth in an affidavit he filed in opposition to defendants' motion for summary judgment, was that Marie Burkes was impaired at the time of the guardianship hearing and remained impaired afterwards. Marshall Burkes made no attempt to establish that his mother's condition deteriorated significantly between the guardianship hearing in January 1989, and the date of the conveyances in April 1989. Without such a showing there is no factual basis in the record for a trier of fact to find that Marie Burkes was impaired in April 1989, when, as a matter of law, she was unimpaired in January 1989.

■ ¶ 11  In an action to cancel a deed, the law presumes that the grantor had the mental capacity to make the deed, and the party attacking such a deed must show lack of capacity by evidence that is "clear, satisfactory, and convincing." *Matter of Woodward*, 549 P.2d 1207, 1208 (Okla.1976). Marshall Burkes failed to produce facts at the summary judgment stage that would show his ability to satisfy his burden at trial. Thus, the trial court correctly granted defendants' motion for summary judgment on the issue of Marie Burkes's competency to make the conveyances.

484

## II.

¶ 12 The trial court correctly held that Marshall Burkes's claims for cancellation on the grounds of fraud and undue influence were barred by the applicable statutes of limitations. Under 12 O.S. 1991 § 95, Third, the statute of limitations for fraud is two years. The applicable statute of limitations for undue influence is five years under 12 O.S. 1991 § 95, Sixth. In *Matter of Woodward*, 549 P.2d 1207, 1209 (Okla.1976), we held that in a suit for cancellation of a deed the statutes of limitations on claims of fraud and undue influence start to run when the deed is filed of record because the filing gives the plaintiff the means of discovering any wrongdoing at that time.

¶ 13 Relying on *Courts v. Aldridge*, 190 Okla. 29, 120 P.2d 362 (1941), Marshall Burkes contends that his cause of action did not arise until after Marie Burkes's death. We disagree. In *Courts*, the plaintiff, Mrs. Courts, was the widow of the deceased grantor. Mrs. Courts claimed that she had no immediate knowledge of Mr. Courts's conveyance of the property to Mr. Courts's child by a previous marriage, a Mrs. Aldridge. The conveyance, made before Mrs. Courts's marriage to Mr. Courts, was to become Mr. and Mrs. Courts's homestead. Mr. Courts made the conveyance to Mrs. Aldridge shortly before his marriage to Mrs. Courts in 1922, but Mrs. Aldridge did not file the deed until 1926. Mrs. Courts claimed that she knew nothing of the conveyance to Mrs. Aldridge until after her husband's death, when she brought suit. Mrs. Courts sought to establish a resulting trust in the property for her homestead rights; the cause of action for such a trust could not arise until Mrs. Aldridge repudiated the trust. Further, Mrs. Courts claimed that the conveyance was fictitious because it was not supposed to vest present title in Mr. Courts's daughter. For these reasons we held that Mrs. Courts's cause of action did not arise until after the death of Mr. Courts.

¶ 14 The situation before us today is entirely different from that presented in *Courts*. Marshall Burkes admits that he was aware of Marie Burkes's conveyances to her other children when they were made. Marie Burkes's conveyances were undisputedly intended to be effective when made. Marshall Burkes's causes of action for fraud and undue influence, therefore, arose when Marie Burkes's deeds to her children were filed of record. Because Marshall Burkes did not bring suit for more than six years after the deeds were filed, his causes of action for fraud and undue influence are barred by the applicable statutes of limitations.

## III.

¶ 15 Marshall Burkes claims that Marie Burkes's conveyances were void under 15 O.S. 1991 § 24, which states:

After his incapacity has been judicially determined, a person of unsound mind can make no conveyance, or other contract, nor designate any power, nor waive any right, until his restoration to capacity is judicially determined. But if actually restored to capacity, he may make a will though his restoration is not thus determined.

Marshall Burkes relies on *Fixico v. Ming*, 176 Okla. 358, 55 P.2d 1027 (1936) to support his claim that § 24 makes the conveyances void. We reject this contention.

¶ 16 This is not the sort of situation to which 15 O.S. 1991 § 24 was designed to apply. In *Fixico*, the guardianship order that the court enforced had become final, and there was no contention that it had been erroneously entered. Here Marshall Burkes was the moving party, and it was he who had sought, and ultimately failed, to have Marie Burkes declared an impaired person. He knew that Marie Burkes disagreed with his claim that she was impaired, and the guardianship matter was on appeal when Marie Burkes executed the deeds. The Court of Civil Appeals rejected Marshall Burkes's claim that his mother was impaired, and the Court of Civil Appeals' judgment became final.

¶ 17 In making the conveyances Marie Burkes was doing precisely that which the Court of Civil Appeals ultimately held she had the capacity to do all along. Marshall Burkes may not claim that the deeds were void because of the temporary existence of the guardianship judgment, which was ulti-

mately reversed on appeal as being unsupported by the evidence. Thus, Marie Burkes was not "a person of unsound mind" when she made the conveyances, and § 24, therefore, does not apply here. Marie Burkes's conveyances were not void under § 24.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.

KAUGER, C.J., SUMMERS, V.C.J., and LAVENDER, SIMMS, HARGRAVE and ALMA WILSON, JJ., concur.

OPALA, J., dissents in part, concurs in part.

HODGES, J., not voting.