256 P.3d 45 (2011)
2011 OK 26
In the Matter of the ESTATE OF William Edward METZ, Deceased.
Shirley Glass Romine; Donna S. Hacker, formerly McCoy; Suzanne Suddath; Brad McCoy and Mandi Latimer, Appellees,
v.
David J. Pense, Appellant.
No. 106,807.
Supreme Court of Oklahoma.
April 5, 2011.
*46 Larry Ernest Rahmeier, Scarth & Rahmeier, Claremore, for Appellees.
Mark H. Ramsey, Taylor, Burrage, Foster, Mallett, Downs & Ramsey, Claremore, for Appellant.
COLBERT, V.C.J.
¶ 1 The decedent established a joint bank account naming his nephew as the other joint tenant, with the understanding that his nephew would not exercise dominion or control over the account without the decedent's permission until the decedent's death. The decisive issue on appeal is whether the decedent intended to create a joint tenancy with right of survivorship in nephew.

BACKGROUND AND PROCEDURAL HISTORY
¶ 2 In March 1997, William Metz (Decedent) established a bank account at the Tulsa Teachers Credit Union (TTCU). Decedent named his nephew, David Pense (Appellant), *47 as a joint tenant on the account with right of survivorship. The duly executed share account signature card (Contract) provides:
THE UNDERSIGNED hereby agree with the other, and with the Tulsa Teachers Credit Union; that all sums heretofore deposited by them, or either of them, shall be as joint tenants with right of survivorship, and not as tenants in common, and payable to either during the lifetime of both or to the survivor(s) after the death of one of them; and payment thereof shall discharge said Credit Union from liability to either, or the heirs, personal representatives or assigns of either. The right or authority of the Credit Union under this agreement shall not be changed or terminated by said owners, or any of them except by written notice to said Credit Union which shall affect transactions theretofore, made.
/s/ W.E. Metz
/s/ David J. Pense
The parties agreed verbally that Appellant would not exercise any control over the account until Decedent's death, unless Decedent agreed. For the duration of Decedent's lifetime, Appellant neither contributed nor withdrew money from the account.
¶ 3 Decedent died testate in March 2007. His will bequeathed a specified percentage of his estate to relatives, including Appellant. Other beneficiaries of Decedent's will included Decedent's stepchildren and step-grandchildren, Shirley Glass Romine, Donna S. Hacker, Suzanne Suddath, Brad McCoy and Mandi Latimer, Appellees (Legatees). Legatees objected to the final accounting and inventory of the estate proposed by Decedent's personal representative, alleging that Decedent had intended the money in the TTCU account to revert to his estate at his death. Neither party disputes Decedent's competency. Both parties agree Decedent remained in full control of his affairs until his death. Further, Decedent took no affirmative steps to sever the joint tenancy or change the Contract.
¶ 4 The district court found that Decedent had created a joint tenancy in the TTCU account with Appellant, but that he had intended the money in the account to be used for his medical expenses during his life, and to be property of his Estate after his death. At Legatees' request, the district court imposed a constructive trust on the account, and ordered Appellant to return the proceeds to the Estate for distribution pursuant to Decedent's will. Appellant appealed from the Order Confirming Final Account. The Court of Civil Appeals affirmed, holding that the appellate record supported the district court's decision, but found that the imposition of a resulting trust was more appropriate in this case. Appellant sought certiorari, which was previously granted. Because the record before this Court demonstrates that Decedent intended to create a joint tenancy with right of survivorship in Appellant, we reverse.

STANDARD OF REVIEW
¶ 5 Before determining whether certain property is a probate asset, a district court must determine in whom the title is vested. Okla. Stat. tit. 58, § 1 (2001).[1] Only *48 property of a decedent is subject to the probate estate. Id. In reviewing the district court's determination, this Court will examine and weigh the evidence, but will disturb the district court's order only if it is clearly contrary to law or against the clear weight of the evidence. In re Estate of Eversole, 1994 OK 114, ¶ 7, 885 P.2d 657, 661.

ANALYSIS
¶ 6 This Court recognized the common-law doctrine of joint tenancies with right of survivorship prior to its statutory enactment. In re Pugh's Estate, 1955 OK 87, 281 P.2d 937. In 1945, the Oklahoma Legislature crafted a specific provision for estates held in joint tenancy and tenancy by the entirety which provides:
A joint interest is one owned by several persons in either real or personal property in equal shares, being a joint title created by a single instrument, will or transfer when expressly declared in the instrument, will or transfer to be a joint tenancy, or as between husband and wife a tenancy by entirety or joint tenancy as the grantor may elect, or when granting or devising to executors or trustees as joint tenants. A tenancy by entirety can only be created between husband and wife.
Such joint tenancy or tenancy by entirety may be created by transfer to persons as joint tenants or tenants by entirety from an owner or a joint owner to himself and one or more persons, or from tenants in common to themselves, or by coparceners[2] in voluntary partition, and such estates may be created by or for persons who have elected to become bound under any community property act now in existence or which may hereafter be enacted. An adjudication of incompetency shall not operate to terminate such an estate.
Where a deed, transfer or conveyance grants an estate in joint tenancy or tenancy by entirety in the granting clause thereof, the granting clause shall control over the habendum clause containing language inconsistent to the granting clause.
In the event of the death of a joint tenant or tenant by entirety, leaving estate subject to probate, a certified copy of letters testamentary or of administration shall constitute prima facie evidence of such death.
The provisions of this act shall apply to all estates in joint tenancy or tenancy by entirety in either real or personal property heretofore or hereafter created.
Nothing herein contained shall prevent execution, levy and sale of the interest of the judgment debtor in such estates and such sale shall constitute a severance.
Okla. Stat. tit. 60, § 74 (2001)(footnote added). While the statute does not expressly employ the term "survivorship," this Court has historically held that the Legislature intended this well-defined common law term as a characteristic of joint tenancies, because the common law may not be abrogated by *49 implication. See Draughon v. Wright, 1948 OK 81, 200 Okla. 198, 191 P.2d 921; Toma v. Toma, 2007 OK 52, ¶ 14, 163 P.3d 540, 545.
¶ 7 In the case of two joint tenants, the concept of joint tenancy with right of survivorship permits each owner to alienate and hold his share at the same time he "and the other or others hold the entire property as by a single ownership." Shackelton v. Sherrard, 1963 OK 193, ¶ 12, 385 P.2d 898, 901 (quoting 64 A.L.R.2d 918, pp. 921-922 (1959)). The unique characteristics of joint tenancies, created at common law, continue to prevail in modern timesnamely the coexistence of the four unities: interest, title, time, and possession. Id. Simply put, a joint tenancy results in only one interest, created by one conveyance, at the same time, and held jointly yet undivided by both tenants. Id.
¶ 8 It is well-settled law that a joint tenancy, in either real or personal property, "creates a present estate which, absent severance during the life of the joint tenants, assures the surviving tenant absolute ownership of the whole subject matter of the joint tenancy." Toma, 2007 OK 52, ¶ 11, 163 P.3d at 544. Upon a joint tenant's death, the decedent's interest terminates and the surviving tenant's interest simply continues. Clovis v. Clovis, 1969 OK 170, ¶ 16, 460 P.2d 878, 881. By operation of law, the surviving tenant becomes immediately vested with the property as a whole, and the joint tenancy property is excluded from the decedent's estate. Toma, 2007 OK 52, ¶ 11, 163 P.3d at 544. Therefore, there is no property interest remaining that a decedent's beneficiary may inherit. See Draughon, 1948 OK 81, ¶ 9, 200 Okla. 198, 191 P.2d at 923.
¶ 9 Historically, this Court has recognized two categories of joint tenancies with right of survivorship: those created by written instrument expressly declaring the relationship as prescribed by section 74; and those not created with words of joint tenancy or survivorship but, nonetheless, the party initiating the relationship "intentionally and intelligently created essential elements of joint ownership and survivorship." Raney v. Diehl, 1971 OK 28, ¶ 18, 482 P.2d 585, 590.
¶ 10 Generally, single instruments containing an express written declaration to create a joint tenancy encompass "the element of intent and leave no question as to creation of the relationship." Id., ¶ 17, 482 P.2d at 590 In fact, utilizing an instrument that expressly incorporates the words "as joint tenants with right of survivorship," or similar language, demonstrates the conveying party's intent. The effect of such language "overcome[s] statutory or common law presumptions of tenancies in common." In re Estate of Ingram, 1994 OK 51, ¶ 24, 874 P.2d 1282, 1288. In the second category, however, it is considerably more difficult to ascertain the parties' intent. This difficulty is compounded where the words creating a joint tenancy with survivorship are absent, and the parties' actions are contrary. Raney, 1971 OK 28, ¶ 18, 482 P.2d at 590.
¶ 11 In this matter, the district court and the Court of Civil Appeals' reasoning tracked the analysis applicable to the latter category. In so doing, the district court heard extensive testimony on the parties' intent, examined their conduct, and ultimately gave little weight to the single instrument that embodied the parties' intent. It is that slippery-slope analysis in which this Court declines to engage because it is perfectly clear that the instant case concerns the first category.
¶ 12 Appellant argues that, as the surviving joint tenant, he was vested with the sole title to the TTCU account upon Decedent's death. Conversely, Legatees contend that Appellant is merely a "gatekeeper" of the account funds, and that Decedent never intended the beneficial interest to vest in Appellant. Rather, Legatees allege, Decedent's true intent was to have the survivorship interest in the account equally distributed among the legatees named in Decedent's will upon Decedent's death. In the alternative, Legatees press a strained construction of the contractual language "heretofore," and contend that this term limits the joint tenancy only to the sums deposited at the account's creation. We cannot agree.
¶ 13 In the absence of fraud, accident, mistake or absurdity, the clear and explicit language embodied in the written instrument governs in determining the parties' *50 true intent. Johnson v. Butler, 1952 OK 207, ¶ 6, 245 P.2d 720, 722. In carrying out this analysis, this Court will construe a contract in favor of validity, giving ordinary meaning to the words employed and avoid a construction that would lead to an extrinsic ambiguity. See Ferrell Const. Co., Inc. v. Russell Creek Coal Co., 1982 OK 24, ¶ 9, 645 P.2d 1005, 1007-08 (quoting Nat'l Ins. Underwriters v. Walker, 1952 OK 142, ¶ 12, 206 Okla. 629, 245 P.2d 737, 740).[3] Further, where all contractual terms are susceptible to a reasonable construction, minor inconsistencies are rendered benign. See generally, Jackson v. Jackson, 2002 OK 25, 45 P.3d 418. Essentially, this Court will not dissect and isolate contractual language so as to "construe an ambiguity . . . [that would] import a [more] favorable consideration to either party than that expressed in the contract." Dodson v. St. Paul Ins. Co., 1991 OK 24, ¶ 12, 812 P.2d 372, 376.
¶ 14 From the four corners of the Contract, the intent of the parties' is patently clear and unequivocal. Decedent created in Appellant a joint tenancy with right of survivorship in accordance with the statute. The granting clause expressly declared "that all sums heretofore deposited by . . . either of them shall be as joint tenants with right of survivorship, and not as tenants in common,. . . and payable . . . to the survivor after the death of one of them. . . ." A joint tenancy may only be severed during the lifetime of the tenant. Toma, 2007 OK 52, ¶ 11, 163 P.3d at 544. Here, Decedent did not take any affirmative steps to encumber his interest or otherwise sever any of the four unities (interest, title, time, or possession) prior to his death.[4] Further, the appellate record is devoid of any indication Decedent intended to create a constructive trust, resulting trust or otherwise. And, Legatees do not allege grounds sufficient to attack the execution of the Contract. Taken as whole, the Contract's express language reflects that the parties considered and unequivocally rejected holding the account as tenants in common and affirmatively indicated "joint tenancy with right of survivorship." There is clear, explicit, and unequivocal language which demonstrates Decedent's intent to presently create survivorship rights in Appellant. The mere fact that Appellant never exercised dominion or control over the joint tenancy account does not defeat the unity of interest required to create that present estate. Alexander v. Alexander, 1975 OK 101, 538 P.2d 200 (where court held that a nephew and niece's failure to exercise dominion and control over a joint tenancy account created with the decedent, did not destroy the right of survivorship).[5] Likewise, the inclusion of the *51 term "heretofore" in the Contract's granting clause is not sufficient to defeat the contracting parties' expressed intent. Therefore, the trial court's consideration of the evidence offered by Legatees, as to the parties' intent, violated the basic rules of contract construction and thus, was impermissible. Accordingly, this Court declines to look beyond the four corners of the Contract to examine the parties' intent further because the language employed is unambiguous.

CONCLUSION
¶ 15 Appellant, as the surviving joint tenant, is the owner of the account. This Court finds no merit in Legatees' contention that Decedent intended the survivorship interest in the bank account be distributed equally among the beneficiaries named in Decedent's will. Accordingly, the district court order finding no joint tenancy ownership in the bank account is reversed.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; DISTRICT COURT'S ORDER REVERSED; CAUSE REMANDED.
CONCUR: TAYLOR, C.J.; COLBERT, V.C.J.; KAUGER, WATT, COMBS, GURICH, JJ.
DISSENT: WINCHESTER, EDMONDSON, REIF, JJ.
WINCHESTER, J., with whom EDMONDSON and REIF, JJ. join dissenting:
¶ 1 I respectfully dissent. The majority's refusal to look beyond the four corners of the joint tenancy instrument ignores a long line of Oklahoma case law that has recognized parol evidence to establish a trust in favor of a beneficial owner.[1] In Peyton v. McCaslin, 1966 OK 4, 417 P.2d 316, this Court held that:
When the circumstances surrounding the acquisition of money by a surviving joint tenant in a joint bank account are such as to indicate that the beneficial interest in the money is not to go with the surviving joint tenant's legal title, and that a third person may have a valid beneficial interest in said money, equity will be invoked to ascertain the status of the subject of the dispute and the relative rights of the contenders therefor.
Peyton v. McCaslin, 1966 OK 4, ¶ 11, 417 P.2d at 319. Today's majority ruling would eviscerate this well-established line of authority.
¶ 2 The present case involves a bank account established by the decedent with his nephew, Appellant, as a joint tenant. The decedent and Appellant agreed that Appellant would not exercise control over the account during the life of the decedent. Appellant admits that he did not contribute to the account or withdraw money from it during the decedent's lifetime and that the money belonged to, and was controlled by, the decedent. From the evidence presented, the district court determined that the decedent intended the money in the account to be used for his medical expenses and other needs during his life. The district court also found that the decedent intended the account to be the property of his estate after his death and to be divided among the beneficiaries of his will.
¶ 3 A proceeding to impress a resulting trust upon a property's legal title is of equitable *52 cognizance. Boatright v. Perkins, 1995 OK 34, ¶ 8, 894 P.2d 1091, 1093-1094. While an appellate court will examine and weigh the record proof, it must abide by the law's presumption that the trial court's decision is legally correct and the decision of the trial court must not be disturbed unless found to be clearly contrary to the weight of the evidence.[2]
Boatright v. Perkins, 1995 OK 34, ¶ 8, 894 P.2d 1091, 1093-1094.
¶ 4 A resulting trust arises when the legal estate to property is acquired, not with fraud or through violation of a fiduciary duty, but where an intent appears by the terms of the disposition or may be inferred from accompanying facts and circumstances that the beneficial title should not follow with the legal title. Littlefield v. Roberts, 1968 OK 180, ¶ 25, 448 P.2d 851, 856. A resulting trust is implied or results in favor of the one for whom the equitable interest is assumed to have been intended, and equity deems the intended owner the real owner. Cacy v. Cacy, 1980 OK 138, ¶ 9, 619 P.2d 200, 202. It is the burden of the party seeking to establish the trust to prove its existence by clear and decisive evidence. Boatright v. Perkins, 1995 OK 34, ¶ 10, 894 P.2d 1091, 1094. The introduction of parol evidence has previously been recognized to meet this burden of proof.[3]
¶ 5 Here, the district court was in the best position to assess the credibility of the witnesses and, consequently, the court determined that the joint tenancy was created for mere convenience and that the decedent intended the money in the account to pass to his estate. The clear and convincing evidence in this record is sufficient to warrant the establishment of a resulting trust in favor of the beneficial owners.
NOTES
[1] A probate court's jurisdiction and powers are prescribed as follows:

A. The district court has probate jurisdiction, and the judge thereof power, which must be exercised in the cases and in the manner prescribed by statute:
1. To open and receive proof of last wills and testaments, and to admit them to proof and to revoke the probate thereof, and to allow and record foreign wills;
2. To grant letters testamentary, of administration and of guardianship, and to revoke the same;
3. To appoint appraisers of estates of deceased persons and of minors and incapacitated persons;
4. To compel personal representatives and guardians to render accounts;
5. To order the sale of property of estates, or belonging to minors or to incapacitated persons;
6. To order the payments of debts from estates or guardianships;
7. To order and regulate all distribution of property or estates of deceased persons;
8. To compel the attendance of witnesses and the production of title deeds, papers, and other property of an estate, or of a minor, or incapacitated persons;
9. To exercise all the powers conferred by this chapter or by other law;
10. To make such orders as may be necessary to the exercise of the powers conferred upon it; and
11. To appoint and remove guardians for infants, and for persons insane or who are otherwise incapacitated persons; to compel payment and delivery by them of money or property belonging to their wards, to control their conduct and settle their accounts.
B. The district court which has jurisdiction and venue of the administration of any estate is granted jurisdiction and venue to cause Oklahoma and federal estate taxes to be equitably apportioned and collected.
C. The district court which has jurisdiction and venue of the administration of any estate is granted unlimited concurrent jurisdiction and venue to hear and determine:
1. In whom the title to any property is vested, whether the property is real, personal, tangible, intangible, or any combination thereof;
2. Rights with respect to such property as to all persons and entities;
3. Whether or not such property is subject to the jurisdiction of the court in the decedent's estate; and
4. Issues relating to trusts or issues involving a guardian or ward that may arise.
D. For proceedings under subsection C of this section, service of notice and process shall be required as in other cases and the provisions of the Oklahoma Pleading Code, Section 2001 et seq. of Title 12 of the Oklahoma Statutes, shall be followed.
Okla. Stat. tit. 58, § 1 (2001).
[2] The term "Coparceners" as used herein and defined by Black's Law Dictionary 405 (4th Ed. 1968), means "persons to whom an estate of inheritance descends jointly, and by whom it is held as an entire estate."
[3] The Court in Nat'l Ins. Underwriters, stated,

Our statutory law on interpretations of contracts are expressive of the wisdom of the common law and furnish us rules here applicable. Among such rules we find that `intent controls,' `that language governs,' `that intention is ascertained from the writing,' `that effect should be given every part,' `interpretation favors validity,' `words to be taken in their ordinary sense,' `technical words to [be] used as understood by the profession,' `repugnancy should be reconciled and that if there is uncertainty the language must be construed most strongly against the person causing the uncertainty. 1952 OK 142, ¶ 12, 206 Okla. 629, 245 P.2d 737, 740.
[4] See e.g., Shackelton v. Sherrard, 1963 OK 193, 385 P.2d 898 (finding no joint tenancy existed as between husband and wife, the court held that husband's inconsistent act of deeding his interest in land to his son, although the land was previously held in joint tenancy with wife, destroyed the required unity of interest).
[5] The Alexander court relied on Clovis v. Clovis, 1969 OK 170, ¶ 16, 460 P.2d 878, 881-82, which held:

Creation of a joint tenancy in property establishes a present estate in which both joint tenants are seised of the whole. Unity of time, title, interest, and possession are requisites for creation, and the principle characteristic of the estate created is a right of survivorship . . . This right of survivorship does not pass anything from a deceased joint tenant to the survivor since, by the very nature of joint tenancy, title of the joint tenant who dies first terminates at death and vests eo instanti in the survivor. Both cotenants being seised of the whole, the survivor's estate simply is a continuation, or extension, of the surviving tenant's existing estate. A joint tenancy simply creates a present estate which, absent severance of the tenancy during life of both tenants, assures the surviving joint tenant absolute ownership of the whole subject matter of the joint tenancy. The argument a gift inter vivos was intended would result in destruction of the unities of title and interest.
1975 OK 101 ¶ 10, 538 P.2d 200, 202-03.
[1] See, e.g., Boatright v. Perkins, 1995 OK 34, ¶ 10, 894 P.2d 1091, 1094 (need for resulting trust must be proven by clear, convincing proof); Robison v. Graham, 1990 OK 93, 799 P.2d 610 (parol evidence considered to establish constructive trust); Cacy v. Cacy, 1980 OK 138, ¶ 5, 619 P.2d 200, 202 (imposition of trust must be made by clear and convincing parol evidence); Alexander v. Alexander, 1975 OK 101, ¶ 13, 538 P.2d 200 (surviving joint tenant will hold legal and beneficial title unless shown otherwise by fraud or trust); Presgrove v. Robbins, 1969 OK 13, 451 P.2d 961 (a trust may be established by parol evidence); Catron v. First Nat'l Bank & Trust Co. of Tulsa, 1967 OK 107, ¶ 9, 434 P.2d 263, 267 (parol evidence, though considered, held insufficient to impose trust); Peyton v. McCaslin, 1966 OK 4, ¶ 10, 417 P.2d 316, 319 (court considered outside evidence to impose constructive trust); Flesher v. Flesher, 1953 OK 392, ¶ 23, 258 P.2d 899, 904 (court looked outside four corners of instrument to establish trust); Courts v. Aldridge, 1941 OK 405, ¶ 6, 190 Okla. 29, 120 P.2d 362, 364-365 (trust imposed where intent appears that beneficial interest not go with legal title).
[2] Where the result is correct, a judgment is not vulnerable to reversal because the wrong reason was utilized as a basis for the decision. Boatright v. Perkins, 1995 OK 34, ¶ 10, 894 P.2d 1091, 1094; In re Estate of Bartlett, 1984 OK 9, ¶ 4, 680 P.2d 369, 374. Here, the trial court imposed a constructive trust in favor of the beneficial owners. A constructive trust is typically imposed in cases where fraud or other inequitable means are employed to obtain legal rights. In re Estate of Ingram, 1994 OK 51, ¶ 19, 874 P.2d 1282, 1287. Because no such fraud existed in this case, the imposition of a resulting trust is the appropriate action.
[3] See cases set forth in footnote 1, supra.